Nov. Term,
1851.

WILCOX
v.
DUNCAN.

---

WILCOX *v.* DUNCAN and Another, Executors.

Assumpsit against executors upon the common counts for money had and received by the testator. Pleas—1. The general issue; 2. That the causes of action did not accrue within five years before the R. S. 1843 came into force; 3. That the causes of action did not accrue within six years; 4. That the causes of action did not, nor did either of them, accrue within six months before the commencement of the suit; and·if the term of six years expired after the time of the decease of the testator, the suit was not brought within eighteen months after his decease. Replication to the last three pleas—that the testator, during his whole life, concealed from the plaintiff the cause of action; and issue on the replication. The suit was commenced in 1849. The plaintiff offered to prove, on the trial, by a competent witness, that in 1842 the testator admitted to him the existence of a part of the cause of action; but the Court refused to hear the testimony. *Held,* that the testimony was admissible.

Tuesday,
December 2.

ERROR to the *Hendricks* Probate Court.

PERKINS, J.—Assumpsit upon the common counts.

The following bill of particulars of the plaintiff's claim was filed:

"*Hardin H. Wilcox* v. *Kreigh* and *Duncan,* executors of the estate of *Samuel A. Duncan,* deceased.

1846.   To money had and received,· · · · · · · $1,000 00
               To the price and value of certain
                   promissory notes retained and col-
                   lected by *Duncan* in his life-time,  1,000 00
               To the price and value of two
                   horses, · · · · · · · · · · · · · · · · · · · · ·    200 00
               To interest on the above account,· ·    500 00

                                           $2,700 00."

The declaration charges the indebtedness to have accrued in the life-time of *Samuel A. Duncan.* Pleas—1.

Nov. Term,
1851.

WILCOX
v.
DUNCAN.

That *Samuel A. Duncan* did not undertake, &c., in his life-time; 2. That the causes of action did not accrue within five years before the coming into force of the R. S. 1843; 3. That the causes of action did not accrue within six years; 4. " And for a further and fourth plea in this behalf, said defendants say, *actio non*, because they say that the said several supposed causes of action in said plaintiff's declaration mentioned, did not, nor did either of them, accrue at any time within six months next before the commencement of this suit; and if the said term of six years expired after the time of the decease of said *Samuel A. Duncan*, that this action is not brought within eighteen months after the time of the decease of said *Samuel A. Duncan*."

The plaintiff replied to the second, third, and fourth pleas that said *Samuel A. Duncan*, deceased, during his whole life, concealed from the knowledge of the said plaintiff the cause of action, &c.

The defendants rejoined that said *Duncan* did not conceal, &c.

This latter issue was formed with reference to section 113, p. 688, of the R. S. 1843.

On the trial, the plaintiff offered his first witness to prove that in 1842 *Samuel A. Duncan* admitted to him the existence of a part of the cause of action. The suit was commenced in 1849. The Court refused to hear the proof, and the defendant had judgment in his favor.

We can see no reason why the testimony of the witness should not have been heard. The general issue was in, and the plaintiff was bound to prove the existence of his cause of action; and the question upon the issue of concealment would have arisen afterwards. We see nothing showing incompetency on the part of the witness offered, and no such objection is made. Had the evidence offered been heard, the plaintiff might have followed with other that would have made out his case upon all the issues, but which, that offered having been rejected, it was not proper to present or offer to present. There might be cases, where legitimate evidence was offered

Nov. Term,
1851.

and rejected, in which a Court of error might not be able to say the party had been injured by such rejection, unless he showed that he had other evidence ready to offer, which, with that rejected, might make out his case. But we think this is not one of them.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

C. C. *Nave*, for the plaintiff.

J. S. *Harvey*, for the defendant.