## PALMER *et ux. v.* HENDERSON.

FRAUDULENT CONVEYANCE—CREDITORS.—A conveyance made for the purpose of defrauding creditors may be set aside, and the property subjected to the payment of the debts of the person making or procuring the conveyance; but this can not be done where the purchase has been made for a valuable consideration, and in good faith on the part of the purchaser.

WITNESS—HUSBAND AND WIFE.—Where real estate is procured to be conveyed to a married woman, and the conveyance is alleged to have been made for the purpose of defrauding creditors, and without consideration, and suit is instituted against the grantee and her husband to set aside the conveyance, the wife is a competent witness in her own behalf to prove any material fact in the cause, other than communications made to her by her husband during the marriage, the real estate, by reason of the conveyance, having become her separate property as fully as if she were unmarried; but the husband, in such case, having no such direct interest in the property as would entitle him to testify in his own behalf, is not a competent witness for or against his wife.

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—Complaint by *Henderson* against *Hiram E. Talbott, Trumbull G. Palmer,* and *Romania Palmer,* his wife, alleging, in substance, that in 1837, and for a long time prior

Palmer et ux. *v.* Henderson.

thereto, said *Talbott* was largely indebted to the plaintiff and others; that afterwards, the plaintiff's claim against *Talbott* was reduced to judgment in one of the courts of *California*, on which execution was issued without avail; that *Talbott* has no property in his own name out of which the plaintiff's claim can be realized; that *Talbott*, being the owner of a large amount of real estate in the State of *Iowa*, and being possessed of a large amount of money, bought of one *Henry J. Horn* a certain part of a lot, which is described, in the city of *Indianapolis*, for which he paid him in cash, land, and other property, the sum of 5000 dollars; and for the purpose of hindering, delaying and defrauding the plaintiff and his other creditors, *Talbott* caused *Horn* to convey the said property in *Indianapolis* to the said *Romania E. Palmer*, who is the daughter of said *Talbott* and the wife of said *Trumbull;* that neither the said *Trumbull* nor the said *Romania* ever paid *Talbott* any consideration for the premises, but that the same was a voluntary gift from *Talbott* to *Romania.*

Prayer, that the property in question be sold to pay the plaintiff's claim.

The defendants answered by general denial. The cause was tried by the court, resulting in a finding and judgment for the plaintiff.

On the trial, it appearing that *Horn* conveyed to said *Romania* the property in question, *Trumbull G. Palmer* was offered as a witness to prove certain matters not necessary to be here stated; but the testimony was excluded, and exception taken.

The said *Romania* was also offered as a witness, in her own behalf, to prove that the property in question had not been given to her by *Talbott* without consideration other than that of love and affection, but that it had been conveyed to her for a valuable consideration paid and to be paid by her and her said husband.

This testimony was rejected, and exception taken.

Was there error in either of these rulings?

There can be no doubt that a conveyance made for the purpose of defrauding creditors may be set aside, and the property reached by the creditor for the payment of his debt; but this can not be done where the purchase has been made for a valuable consideration, and in good faith on the part of the purchaser. A purchaser for a valuable consideration, without notice of the fraud, will hold the property as against creditors. *Findley* v. *Cooley*, 1 Blackf. 262; *Frakes* v. *Brown*, 2 Blackf. 295.

In this case, neither *Palmer* nor his wife is charged with any notice of the fraud imputed to *Talbott*. The only ground on which it is claimed in the complaint that the property can be reached is, that Mrs. *Palmer* is a mere volunteer; hence, evidence that the conveyance was made to her upon a valuable consideration, was material and pertinent.

We are of opinion that Mrs. *Palmer* was a competent witness to prove the fact above stated, or any material fact in the cause, other than communications made to her by her husband during the marriage. The statute of 1861 provides that "any person a party to an action may testify in his own behalf, or in behalf of any other party or parties therein," except, however, amongst other things, "husband and wife, as to matters for or against each other, or as to communications made to each other during marriage." Acts 1861, Reg. Sess., p. 52.

We are not able to perceive that *Trumbull G. Palmer* had any direct interest in the suit. He was made defendant, to be sure; but that is no reason why his wife should be excluded from testifying in her own behalf in the suit. *Gee* v. *Lewis et ux.*, at the present term.

The property being conveyed to *Romania*, it became her separate property as fully as if she were unmarried. 1 R. S.

Palmer et ux. *v.* Henderson.

1852, p. 321.  *Trumbull G.* may have had a remote contin-
gent interest in the property, in this, that, if he survived her,
he might have inherited one-third of it.  1 R. S. 1852, p.
251, sec. 22.  But this is not such an interest, in our opinion,
as would make him a competent witness to support the de-
fence, nor render his wife incompetent.

The whole interest in the property being in the wife, and
there being nothing in the case to which the husband could
testify *in his own behalf,* and nothing to which the wife could
testify *against her husband,* it follows that she was competent,
and he incompetent, to testify; she competent, because, by
the statute, she could testify in her own behalf; and he in-
competent, because he could not testify for or against his
wife.

We leave the question open, whether, in a case where the
husband and wife are both interested in a cause, each may be
a witness in behalf of himself or herself, although the testi-
mony operate incidentally for or against the other, or whether,
in such case, both should be excluded.

For the error in excluding the testimony of Mrs. *Palmer,*
the judgment below must be reversed.

*Per Curiam.*—The judgment is reversed, with costs.

*J. E. McDonald* and *A. L. Roache,* for the appellants.[1]

*Thomas A. Hendricks,* for the appellee.[2]

(1) As to the right of both the husband and wife to testify in the
cause, the counsel for the appellants cited 12 Ind. 324; 6 *id.* 455; 1
Kernan's R. 128; 16 Ind. 172.

(2) And touching the alleged incompetency of both the husband
and wife to testify in the cause, the counsel for the appellee cited 16
Ind. 172; 7 *id.* 690; 10 Ohio State R. 418; 5 Selden's R. 153.