### ECKERT, ADMINISTRATOR, v. TRIPLETT.

EVIDENCE.—*Admissions by Former Administrator.*—In an action by an administrator *de bonis non*, to recover the value of certain property sold by his intestate, the defendant pleaded payment to a former administrator.
*Held*, that proof of admissions of the former administrator that payment had been made to him were properly admitted in evidence.

From the Clay Common Pleas.
*W. W. Carter.* and *S. D. Coffey*, for appellant.
*I. M. Compton* and *G. A. Knight*, for appellee.

WORDEN, J.—This was an action by the appellant, as administrator *de bonis non*, with the will annexed, of the estate of Henry R. Hice, deceased, against the appellee, to recover the value of certain personal property alleged to have been sold by the deceased in his lifetime to the appellee.

The appellee answered in two paragraphs: First, the general denial; and, second, a settlement with and payment to Samuel Hice, a former administrator with the will annexed of the estate of said Henry R. Hice.

Reply in denial. Trial by jury and verdict for appellee, motion for a new trial by the appellant overruled, and judgment on the verdict.

The sole question arising upon the record is, whether the court erred in admitting in evidence the admissions of Samuel Hice, the former administrator of the estate. The question is thus presented by the bill of exceptions:

"Be it remembered that upon the trial of the above entitled

cause the defendant produced one William St. Clair as a witness, and proposed to prove by him that one Samuel Hice, who was the former administrator of the estate of Henry R. Hice, and while such administrator, told him, said witness, at a time when the defendant, Triplett, was not present, and when the said Samuel was not in the act of settling said estate, that the defendant had paid him, said Samuel Hice, for the matters set forth in the complaint herein; to which the plaintiff at the time objected, for the reasons, as stated at the time to the court, that said Hice is not a party to this suit, and the declarations were not a part of any act done by said Samuel Hice while acting as administrator, and was only hearsay evidence; which objection the court overruled and allowed said witness to testify that in 1871 the said Samuel Hice told him, at the house where the said Samuel Hice lived, when the defendant was not present, that the defendant had acted the man and had come up and paid him for the stock he had bought of the said Henry R. Hice, deceased, and that he did not know that the defendant owed for the stock until the defendant told him; to which ruling of the court, in overruling said objection and allowing said witness to testify as above, the plaintiff at the time excepted," etc.

We are of opinion that the evidence was competent and properly admitted. Such admissions are not conclusive, but, like admissions made by parties to an action, they are competent. An executor or administrator is neither an agent nor an officer within the ordinary acceptation of those terms. He may be said, in some sense, to step into the shoes of the deceased. He represents the deceased in respect to his personal estate, having the care and management thereof. His admissions are competent evidence against the estate, in actions where the estate is represented by the executor or administrator making such admissions. It is matter of every-day experience, in actions by or against executors or administrators, to give their admissions in evidence against them. *Faunce* v. *Gray*, 21 Pick. 243. Many authorities might be cited on this point, were it necessary. This does not depend, in our opinion,

so much upon the ground that the executor or administrator making the admissions is a party to the suit, as it does upon the ground that he is the representative of the deceased, having charge of his personal estate. Hence, a new promise made by an executor or administrator takes a case out of the statute of limitations, as well in an action against an administrator *de bonis non,* as against the original executor or administrator who made the promise. *Emerson* v. *Thompson,* 16 Mass. 429.

When an executor or administrator makes an admission which would be competent evidence against the estate in an action where the estate is represented by the same executor or administrator, we see no satisfactory reason why it should not be competent when the estate is represented by his successor in the administration.

The estate is equally affected by the admission, whether the subject-matter of it arise in a suit where the same executor or administrator is a party, or in a suit where a successor in the administration is a party. The direct authorities upon this point are not numerous. Indeed, we are aware of only one American case exactly in point. That is the case of *Lashlee* v. *Jacobs,* 9 Humph. 718. There, an executrix had admitted an indebtedness on the part of the deceased to the plaintiff, while she was such executrix. She died, and an administrator *de bonis non* was appointed. In a suit by the plaintiff against the administrator *de bonis non,* the admissions of the executrix were held competent. The court said:

"Such admissions, made in good faith while she represented the estate, and had an interest in the matter, are evidence to charge the estate.

"We see no reason against it, and the admission of the former executrix must, on principle, be regarded as effectual to charge the estate, as if made by the administrator *de bonis non.*"

We are aware that in *Rush* v. *Peacock,* 2 Moody & R. 162, it was held that the declarations of an executor could not be given in evidence against the plaintiff who had been appointed special administrator *durante absentia;* but this was a *nisi*

*prius* decision, and does not seem to have been very thoroughly considered. The judge remarked that he was not aware that the point had ever arisen. We do not feel bound by this decision, but think the American decision above cited is based upon sound principles.

The judgment below is affirmed, with costs.