No. 8125.

## SLADE *v.* LEONARD, ADMINISTRATRIX.

PRACTICE.—*Action for Money Loaned.—Exclusion of Evidence.—Decedents' Estates.—Intestate.— Witness.*—On the trial of an action by an administratrix. for money loaned by her intestate, the court erred in refusing to permit the defendant to prove by a competent witness, that the money claimed to have been a loan to him was, in fact, drawn by him from a bank on a check of the intestate, in his lifetime, and at his request paid to the witness, with other money advanced, in discharge of a note of the intestate held by him.

SAME.—The fact that the complaint alleged a promise to pay the sum to plaintiff after the death of her intestate did not render the proffered evidence inadmissible.

SAME.—*Declarations of Intestate.*—On such trial, it was error for the court to refuse to permit the defendant to prove by competent witnesses declarations and admissions of the intestate as to the amount due him from the defendant.

SAME.—The declarations of an intestate are admissible against an administrator, or any other claiming in his right.

SAME.—*Account Book of Intestate Used in Settlement with Defendant.*—On such trial, the defendant was entitled to such evidence as the account book of plaintiff's intestate might furnish touching the alleged indebtedness, and it was proper for the court to permit questions to be put to the plaintiff as a witness, directed to an identification of it and the book of defendant, as the books used in making an alleged settlement; but the rejection of the proposed testimony was not an error injurious to defendant, the jury having found a verdict on an item not included therein.

From the Union Circuit Court.

*B. Burke, L. H. Stanford, W. M. Casterline* and *T. W. Bennett,* for appellant.

*T. D. Evans,* for appellee.

NEWCOMB, C.—The appellee, as administratrix of the estate of Clarence R. Leonard, filed a complaint of three paragraphs against the defendant, Slade. The first and second alleged an indebtedness to the deceased, in his lifetime, for money loaned; and the account, filed with these paragraphs, consisted of two items, one of $60 and one of $80.

The third paragraph declared on an alleged indebtedness of $140, the balance due on account of $434.63, the whole account, with the credits thereon, being filed with the complaint, and of the credits it was shown that $153.38 had been paid to the plaintiff as administratrix.

The defendant filed a general denial and two affirmative answers. The second paragraph alleged a settlement with the plaintiff of all demands and accounts between the defendant and said Clarence R. Leonard; that the respective account books of the parties were present at such settlement, and, after a full examination of said accounts, there was found due to the estate of Leonard $153.38, which sum was paid to the plaintiff, who gave the defendant a receipt there-

for, stating in such receipt that said sum was in full of all accounts. A copy of the receipt was filed with the answer.

The third paragraph pleaded an account as a set-off. The reply of the plaintiff admitted a part of the set-off, but denied all the other matters alleged in the affirmative answers.

A jury trial resulted in a verdict for $80 in favor of the plaintiff. Judgment was rendered on the verdict, over the defendant's motion for a new trial.

The only error assigned which is discussed in the brief of appellant's counsel is the overruling of the motion for a new trial. The grounds upon which a new trial was asked were the exclusion of certain testimony offered by the defendant, and certain instructions given to the jury, which are claimed to have been erroneous.

The evidence is in the record, and it clearly discloses the fact that the verdict was based on the item of $80, alleged to have been lent to the defendant by Leonard.

On the trial, the defendant introduced as a witness George W. Ward, described in the bill of exceptions as a competent witness, and propounded to him this question: "State whether or not Powell Slade paid you any money for Clarence Leonard in his lifetime, and if so, how much and when?" The question was objected to by the plaintiff, on the general ground that it was not competent or proper. The defendant's counsel then advised the court that he proposed to show by the witness, "that the $80 item of cash loaned, mentioned in the complaint, accrued as follows: That said Ward held a note against Clarence Leonard, deceased, for the sum of $103, that was due; that Slade lived in the country, and Mr. Leonard was working for him; that Mr. Slade was coming to town, and Mr. Leonard drew a check against his own account in bank at Liberty, making the check payable to Slade, and ordering Slade to draw the amount of the check, $80, on his (Leonard's) account, and to pay the money so drawn to said Ward: that said Slade

did draw said sum on said check, and pay the same to said Ward, as requested, and also advanced the residue of the $103, at Leonard's request, to said Ward, in payment of said note.''

We are unable to see any legal ground for the exclusion of this testimony. It was competent, as tending to prove that the $80 charged against the defendant, as a loan to him, simply passed through his hands as a payment by Leonard on his note held by the witness Ward. The complaint charged that this money was lent to Slade by the deceased. The general denial put this averment in issue, and the defendant was entitled, under it, to introduce evidence in contradiction of the averments of the complaint.

The fact that the first paragraph of the complaint alleged a promise to pay this sum to the plaintiff, after the death of Clarence Leonard, did not, as suggested by appellee's counsel, render the proffered evidence inadmissible. The complaint, to be good, necessarily had to aver an existing indebtedness to support the alleged promise, and the averment of such promise means nothing beyond the promise implied by law to pay a debt that is due.

If, as is argued, an express promise to pay a debt claimed by an administrator to be due to the estate of the decedent would conclude the defendant, in the absence of an answer averring a want of consideration for such promise, it would certainly be essential to prove on the trial that the defendant made the express promise; but there was no such proof in this case.

The defendant also offered to prove by Samuel Tappen, a competent witness, that, shortly before the death of Clarence Leonard, the witness had a conversation with the latter concerning the indebtedness of the defendant to him, in which conversation Leonard stated the amount due him from Slade at a less sum than the amount subsequently paid by Slade to the plaintiff as administratrix.

This evidence, on the plaintiff's objection, was also rejected. The cause of its rejection does not appear in the record, but in the appellant's brief it is stated that the court held that the admissions or declarations of the deceased were not competent evidence. In this the court erred. "The declarations of an intestate are admissible against his administrator, or any other claiming in his right." 1 Greenl. Evidence, sec. 189; *Wilcox* v. *Duncan*, 3 Ind. 146; *Bevins* v. *Cline's Adm'r*, 21 Ind. 37; *Denman* v. *McMahin*, 37 Ind. 241. The admissions of a former administrator, touching the matter in controversy, are admissible against the administrator *de bonis non*. *Eckert* v. *Triplett*, 48 Ind. 174. The declarations of an ancestor, that he held the land as tenant of a third person, are admissible to prove the seizin of that person, in an action brought against him by the heir. 1 Greenl. Evidence, sec. 189. So, in an action against heirs for the recovery of real estate, when the statute of limitations is pleaded, it is competent to prove the admissions of the ancestor that he held the same as tenant of the plaintiff, and not as owner. *Vanduyn* v. *Hepner*, 45 Ind. 589.

The defendant further offered the evidence of Theophilus Parker, a competent witness, to the effect that Clarence Leonard, a short time before his death, stated to the witness that the defendant Slade owed him a balance of only $140. The court excluded this evidence. This was erroneous. As we have seen, the statements of the decedent as to the indebtedness of the defendant, were competent evidence for the latter. Subsequent to Leonard's death, the defendant paid his administratrix a sum in excess of $140. This testimony should have gone to the jury, to be considered by them with the other evidence in the cause.

The plaintiff was called as a witness by the defendant, and the latter propounded to her the following questions, among others:

Slade *v.* Leonard, Administratrix.

1. "State whether or not this ledger does or does not contain your husband's accounts during the time from 1875 to the date of his death?"

2. "Did you not make this settlement on the accounts in this book and the account in Slade's book?" (Both books being shown the witness.)

4. "State whether or not these two books were not the same upon which the settlement was based, and contained all accounts settled by you and Mr. Slade?"

The plaintiff's counsel objected severally to these questions. The defendant stated to the court that by them he proposed to elicit the facts that the books in question contained all the dealings between him and the deceased; that said books were before the plaintiff and defendant on April 23d, 1879, and that all matters of account existing between the plaintiff's intestate and the defendant, contained in said books, were settled on that day.

The court held the several questions improper, and the proposed evidence inadmissible.

The defendant was entitled to such evidence as the account book of the plaintiff's intestate might furnish touching the alleged indebtedness. If items were sued for not charged on such book, that was a circumstance proper for the consideration of the jury. The books of the defendant were not admissible to prove any item of set-off or payment, but it was competent for him to introduce both books, with accompanying evidence, that all the items contained therein were included in the settlement of April 23d, 1879.

But we think there was no available error in this ruling of the court. The evidence on behalf of the defendant showed that the item of $80 was not included in the settlement, and as it is manifest from the whole evidence that the jury found the accounts on both sides fully settled, with the exception of that item, the defendant was not injured by the exclusion of the proposed testimony.

The defendant offered himself as a witness concerning the matters embraced in his settlement with the plaintiff, but the court held him incompetent to testify. Inasmuch as the judgment must be reversed for the errors already noticed, it is unnecessary for us to decide the abstract question of the right of the defendant, under the statute of 1867, to testify in his own behalf touching his transactions with the plaintiff as administratrix. The new civil code will be in force when the cause is again tried, and this limits the disqualification of parties as witnesses in this class of cases to matters which occurred during the lifetime of the decedent. Acts 1881, p. 290, sec. 276.

We have examined the instructions complained of, and are of the opinion that, on the case as made by the evidence, they were a correct exposition of the law.

For the several errors of the court below, above specified, in excluding proper evidence offered by the defendant, the judgment ought to be reversed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellee.