Clouser v. Ruckman, Administrator.

No. 12,066.

## CLOUSER v. RUCKMAN, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Admissions of Decedent.*—*Evidence.*—The admissions of a decedent against his own interest are competent evidence, whether accompanying any act or not.

SAME.—*Discretion of Trial Court.*—*Practice.*—To be available on appeal, it must affirmatively appear that the trial court abused its discretion in admitting the testimony of the parties as to matter concerning a decedent's estate.

INSTRUCTIONS TO JURY.—*Not Error to Read Complaint to Jury.*—The trial court may, without error, read the complaint in the action to the jury in the course of its instructions.

SAME.—*Bill of Exceptions.*—*Motion for New Trial.*—*Practice.*—Recitals in a motion for a new trial, or of the clerk, can not perform the office of any statement required to be incorporated in a bill of exceptions.

From the Wells Circuit Court.

*A. N. Martin, H. L. Martin, W. A. Bonham* and *E. C. Vaughn,* for appellant.

*J. S. Dailey, L. Mock, J. A. New* and *J. W. Jones,* for appellee.

ELLIOTT, J.—The appellee is a party to this action in a dual capacity, namely, in his own right and as the administrator of the estate of his deceased brother, James W. Ruckman. It appears from· that part of the evidence which is incorporated in the record, that the deceased, in his lifetime, had executed to the appellee a mortgage upon personal property, and that after his death the appellee applied to the court for an order to turn the property over to him, and that this order was granted. The appellant, Clouser, brought this action to set aside this order and to obtain a judgment directing that the property be declared to be part of the assets of the estate of the decedent.

On the trial of the case the appellee was permitted to prove admissions made by the decedent. In this there was no error. The admissions of a decedent are competent against his representatives, no matter to whom they were made. *Slade* v.

*Leonard,* 75 Ind. 171; *Eckert* v. *Triplett,* 48 Ind. 174 (17 Am. R. 735); *Denman* v. *McMahin,* 37 Ind. 214; *Bevins* v. *Cline,* 21 Ind. 37; *Wilcox* v. *Duncan,* 3 Ind. 146; 1 Greenl. Ev., section 189; 2 Best on Evidence (Morgan's ed.), section 500. Where admissions are made by a party against his own interest, it is not material whether they were or were not a part of the *res gestæ,* for self-disserving declarations are always competent against the party by whom they were made, whether accompanying any act or not.

It is contended by appellant that the trial court abused the discretion invested in it by requiring all the parties to testify as witnesses, but we think that he has not made this fact appear. The evidence is not all in the record, and, for aught that appears, it may have been a just and wise exercise of discretion to permit all the parties to testify. There are two very familiar principles which apply with invincible effect against appellant, and these principles are: 1st. He who alleges error must make it affirmatively appear; 2d. All reasonable presumptions are made in favor of the rulings of the trial court.

We can not reverse the judgment upon the ground that the court read the appellant's complaint to the jury in the course of its instruction, for the pleadings are, in contemplation of law, always before the jury.

There is no bill of exceptions showing that the court was requested to instruct in writing, and we can not examine the question whether the instructions are or are not in writing. Recitals in a motion for a new trial can not perform the office of a statement required to be incorporated in a bill of exceptions, nor can the recital of the clerk take the place of such a statement.

Judgment affirmed.

Filed Jan. 8, 1886.