SMITH *et al.* v. WILEY *et al.*

LIMITATIONS.—Where infant wards, soon after the appointment of their guardians, remove from this State, and continue to reside abroad, the statute of limitations does not run against them until they return. 2 G. & H. 161, § 216.

APPEAL from the *Switzerland* Circuit Court.

HANNA, J.—The appellants were, in 1834, the wards of *Wiley,* who was their guardian, and as such applied, in *November* of that year, to the proper Court, for leave to sell the real estate of his said wards, that the proceeds might be vested in other lands. It is averred that the Court ordered the sale of said lands, and appointed one *Kelso* a commissioner to make said sale; that he sold, without giving notice to said guardian, and in 1836 reported said sale, and that he had paid the amount of money and notes to said guardian; and that the sale was not confirmed, nor any one appointed to make a deed; but that in 1839 a deed reported by said *Kelso,* who

assumed, without any authority, to make the same, was approved by the Court; that said land was appraised at 1,000 dollars and sold for 700 dollars; that said *Wiley* went into and is yet in possession; that said plaintiffs, then being infants, soon after he was appointed guardian, removed to and yet reside in *Illinois;* that he has never settled his trust as guardian, nor vested said funds in other lands; that he induced persons to not bid upon said lands; that said fact and the fact of the manner in which he was to vest the funds derived from the sale of said lands were not known to said plaintiffs, but were concealed from them till the 4th of *July,* 1858. This suit was commenced in about three months thereafter.

A demurrer was sustained to the complaint on the ground that the suit was barred by the statute of limitations.

The decision was clearly wrong, as the statute expressly excepts non-residents from its operation. 2 G. & H. p. 161. The complaint shows the plaintiffs were non-residents. This being the case, it is not necessary to discuss other questions raised, as to concealment and fraud, and the time of this discovery," &c.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*John Dumont,* for the appellants.