Rosa *et al. v.* Prather.

Filed Oct. 7, 1885.

———————◆———————

No. 12,052.

## ROSA ET AL. *v.* PRATHER.

REVIEW OF JUDGMENT.—*False Representations.—Excuse for Non-Appearance to Action.*—In an action to review a judgment, it is not a reasonable excuse for not appearing to and defending the original action, that the plaintiff therein and his attorney assured the defendants therein, the present plaintiffs, that such action was only to recover the possession of the lands in suit, on which assurance they relied, where the original complaint averred that the plaintiff was the owner in fee and entitled to the possession of such lands; and the fact that the plaintiff therein, without actual notice to the defendants, filed a second paragraph of complaint, charging that certain deeds, under which defendants claimed title to said lands, were void, will not be ground for review.

SAME.—*Statute of Limitation.*—The statutory method provided for obtaining the review of a judgment is, by the terms of its creation, a special proceeding, to which the various statutes of limitation affecting other actions and proceedings have no application.

SAME.—*Non-Residents.*—No reservation in favor of non-residents is contained in sections 615 and 616, R. S. 1881, limiting the time for review of a judgment.

MARRIED WOMEN.—*"Legal Disabilities."—Coverture.*—Married women are not persons " under legal disabilities " within the meaning of the statute, section 615, R. S. 1881; nor is coverture any longer a legal disability in this State except in special cases.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellants.

NIBLACK, J.—On the 30th day of March, 1880, Henry Prather recovered a judgment in the Warren Circuit Court

against Mary R. Rosa and her husband, Charles E. Rosa, and Phebe Wiles and her husband, Jacob Wiles, for the possession of certain described tracts of land in Warren county, and quieting his title to the same lands, upon the ground that the deeds upon which the said Mary and Phebe, respectively, based some claim to the lands, were fraudulent and void as against him, the said Prather.

In March, 1884, Mary R. Rosa, in conjunction with her husband, Charles E. Rosa, commenced this proceeding against Prather to review the judgment recovered by him as above. The complaint was in two paragraphs. The first charged that the Warren Circuit Court had no jurisdiction over the said Mary because she was at the time a minor under the age of twenty-one years; that said court had no jurisdiction over the subject-matter of the action; that the complaint did not state facts sufficient to constitute a cause of action, and that the judgment was void because of uncertainty in the description of the lands which it attempted to describe.

The second paragraph charged that when the original complaint was filed, it contained but one paragraph, which was only for the recovery of the possession of the land to which it had reference, and that some time after the action was commenced, both Prather and his attorney falsely assured Mrs. Rosa and her husband that the object of the action was only to recover the possession of the lands in suit; that relying upon such assurance Mrs. Rosa and her husband made no defence to the action, and suffered default to be taken against them; that after giving such assurance, and notwithstanding the same, Prather, before the cause came on to a trial, filed a second paragraph to his said original complaint, averring that certain deeds under which Mrs. Rosa and Mrs. Wiles, respectively, claimed to have some interest in the lands sought to be recovered, were fraudulent and void as against him, and demanding that his title be quieted against any claim under those deeds; that in consequence of the false assurance so given as above stated, by both Prather and his attorney,

neither Mrs. Rosa nor her husband had any notice of the filing of said second paragraph of complaint in the original action, and never received any actual notice of the filing of the same until at and about the time of commencing this proceeding; that when process was served upon them, and ever since, both Mrs. Rosa and her husband were non-residents of this State, being in fact residents of Vermillion county, in the State of Illinois.

A demurrer was sustained to this second paragraph of the complaint for a review of the proceedings in the original action, and Prather answered: *First.* In general denial. *Second.* That the judgment complained of was not rendered within one year before the time of the commencement of this proceeding. *Third.* That said judgment was not rendered within three years before this proceeding was commenced. To the second and third paragraphs of this answer Mrs. Rosa and her husband replied: *First.* That Mrs. Rosa was, at the time of the rendition of the judgment sought to be reviewed, and had ever since continued to be, a married woman. *Second.* That at the time of the rendering of such judgment, Mrs. Rosa and her husband were, and continuously ever since had been, non-residents of the State, but had and still resided in the State of Illinois.

Demurrers were severally sustained to both paragraphs of the reply, and the plaintiffs in this proceeding declining to plead further, final judgment went against them upon demurrer.

Complaint is made in this court of the decision of the circuit court in sustaining a demurrer to the second paragraph of the complaint; also of the decision sustaining demurrers to both paragraphs of the reply.

No formal argument has been submitted by counsel for the appellants in support of the sufficiency of the second paragraph of the complaint, and we have no brief from the appellee. It may not be amiss, nevertheless, to remark that

we can recall nothing which would justify us in holding that the circuit court erred in sustaining a demurrer to that paragraph.

Recurring to the first paragraph of the original complaint, a copy of which, with the rest of the record, duly certified, was filed with the complaint for review, we find that it averred that the appellee was the owner in fee simple, and entitled to the possession, of the lands sued for in that action. If, therefore, the appellants had, or claimed to have, any interest in those lands which they desired to have protected by the court, it was as necessary that they should appear and defend against the first paragraph of the original complaint, as it was that they should appear and defend against the claim of absolute title preferred by any other paragraph that might be thereafter filed. We are consequently unable to see that the alleged assurance given by the appellee and his attorney afforded the appellants any reasonable excuse for not appearing to and defending the original action.

Sections 615 and 616 of the code of 1881, containing provisions governing proceedings for the review of judgments, are as follows:

"615. Any person who is a party to any judgment, or the heirs, devisees, or personal representatives of a deceased party, may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment. Any person under legal disabilities may file such complaint at any time within one year after the disability is removed. But no complaint shall be filed for a review of a judgment of divorce.

"616. The complaint may be filed for any error of law appearing in the proceedings and judgment, within one year; or for material new matter, discovered since the rendition thereof, within three years; or for both causes, within one year after the rendition of the judgment, and without leave of court."

Section 1285, R. S. 1881, which assumes to define the meaning of certain words and phrases used in the statutes now in

force in this State, enacts that "The phrase 'under legal disabilities' includes persons within the age of twenty-one years, or of unsound mind, or imprisoned in the State prison, or out of the United States."

It is claimed that as the common law recognized coverture as a legal disability, and as the common law is still in force in this State, except where it has been changed or modified by some statute, and as there is no statute in this State emancipating married women from all the disabilities of coverture, a married woman is still "under legal disabilities" within the meaning of section 615, *supra*, notwithstanding the failure of section 1285 to expressly refer to and to denominate coverture as a legal disability.

The three most notable respects in which the disability of coverture was felt at common law were, in the inability of the wife to sue, in her inability to enter into a contract, and in her inability to control her own property. These separate disabilities have all been, in general terms, removed by sections 254, 5115 and 5117 of our present revised statutes. Sections 5118, 5124, 5130 and 5131 are all promotive of the same general policy. See, also, *Wright* v. *Wright,* 97 Ind. 444.

The disabilities upon those and other subjects which still remain are special and exceptional, and no longer constitute a part of a category of general disabilities; hence it was, as we infer, that section 1285, herein above referred to, did not include married women in its definition of persons "under legal disabilities." For these reasons coverture is clearly not one of the disabilities to which section 615 of the present code has reference, and is no longer a full legal disability under the existing statutes of this State.

There is nothing in the case of *Buchanan* v. *Hubbard,* 96 Ind. 1, referred to by counsel, which really conflicts with the construction we have given to the various statutes to which we have alluded, and the construction thus given is seemingly supported by the case of *Richardson* v. *Pate,* 93 Ind. 423 (47 Am. R. 374).

The statutory method provided for obtaining the review of a judgment is, from its very nature, as well as the terms of its creation, a special proceeding, to which the various statutes of limitations affecting other actions and proceedings have no application. The only limitations applicable to such a proceeding are contained in sections 615 and 616, above set out. No reservation in favor of non-residents of the State is contained in either one of those sections; hence such a reservation can not be inferred from statutes enacted with reference to other proceedings. Our conclusion necessarily is that the circuit court did not err in sustaining demurrers to both paragraphs of the reply.

The judgment is affirmed, with costs.

Filed Oct. 8, 1885.