Royse *et al. v.* Turnbaugh *et al.*

No. 13,343.

ROYSE ET AL. *v.* TURNBAUGH ET AL.

PLEADING.—*Demurrer.*—*Harmless Error.*—There is no available error in overruling a demurrer to an insufficient paragraph of cross-complaint, where no relief is granted the cross-complainant under that paragraph.

STATUTE OF LIMITATIONS. — *Quieting Title.* — An answer pleading the fifteen years statute of limitations in bar of a suit to quiet title to real estate is good.

SAME.—*Coverture.*—*Infancy.*—A reply of coverture to an answer pleading the statute of limitations in bar of a suit to quiet title is bad; so is a reply of the plaintiff's infancy when the cause of action accrued, marriage during non-age and continued coverture.

SAME.—*Adverse Possession.*—Neither a suit to quiet title nor an action for partition can be maintained by plaintiffs, the youngest of whom is thirty-five years old, where it appears that the defendants and their grantors have been in the exclusive and continuous possession of the real estate for more than twenty years, under a claim of title, as in such case both proceedings are barred.

SAME.—*Non-Residence of Plaintiff.*—*Running of Statute Against not Stayed.*— The running of the statute of limitations against a plaintiff is not stayed during the time he may be a non-resident of this State. *Smith* v. *Wiley*, 21 Ind. 224, overruled.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris*, for appellants.

*J. A. Zaring, M. B. Hottel* and *J. R. Funk*, for appellees.

OLDS, J.—The appellants, the plaintiffs below, brought this action by first filing a complaint in one paragraph, alleging that they were the owners of certain real estate, describing the same; that the defendants were asserting title to said real estate, but that their claim was unfounded and wrongful, and constituted a cloud upon their title; prayer for a judgment quieting their title.

On this paragraph of complaint issues were formed, demurrers filed to pleadings, and exceptions reserved to the

rulings of the court on the demurrers.    After the case was at issue on this paragraph of complaint, a second paragraph of complaint was filed for partition of the real estate, being the same real estate described in the first paragraph.    Upon the filing of the second paragraph, the parties, plaintiffs and defendants, entered into a written contract, which was filed in the cause, agreeing that all evidence which would be proper under any answer, cross-complaint or reply which might be filed should be admitted under the general denial, but expressly agreeing that no objection or exception taken and reserved in forming the issues on the first paragraph of complaint should be waived.

The exceptions taken to the rulings of the court were taken when there was no second paragraph of complaint on file, and are considered without any reference to the second paragraph.

The third paragraph of the pleading filed by the defendants is in the nature of a cross-complaint, and is demurred to as such, for the reason that it does not state facts sufficient to constitute a cause of action against the plaintiffs.

The plaintiffs claim title through, and as heirs of, one George W. Royse, deceased.    The third paragraph of cross-complaint admits title to have been in Royse, and alleges that Royse, in 1851, sold the real estate to one Horner, who paid the purchase-price and took a bond from Royse by which Royse agreed to convey the same to Horner; that Royse became insane, and one McCrary was duly appointed guardian of said Royse; that Horner sold and assigned his bond for said real estate to Amos Bradberry, and said Bradberry brought suit against said McCrary, guardian, and said guardian appeared to said action, and such proceedings were had that the court ordered said guardian to convey said real estate to said Bradberry ; that in pursuance of said order of the court, said guardian did convey said real estate to Bradberry, and Elizabeth Royse, wife of said George W. Royse, joined in said conveyance; that Bradberry sold said

real estate, together with other lands, to James Turnbaugh, and Bradberry and wife, in 1861, executed to said Turnbaugh a deed intending to convey said real estate, but by mutual mistake of grantors and grantee to said deed, and of the scrivener drawing the same, said real estate described in the complaint was omitted; that Turnbaugh, in pursuance of said purchase, took possession of said real estate, immediately after said purchase and conveyance, as owner in fee simple, and held possession of the same until his death; that the defendant Jane Turnbaugh is the widow, and the defendant Samuel Turnbaugh is the son, of said James Turnbaugh, and that said defendants now hold possession of said real estate, and claim title to the same as the legal heirs of James Turnbaugh, deceased, and by purchase from his other legal heirs; that defendants, and those under whom they claim title, have paid the taxes on said real estate for twenty years, and have made improvements on said land to the amount of $2,500. There is also an allegation that said Royse was notified of the pendency of said proceedings against his guardian. Prayer for the correction of the deed from Bradberry and wife to James Turnbaugh, and for judgment in behalf of the cross-complaints and for all proper relief.

This paragraph of cross-complaint seeks to show title in the defendants through George W. Royse by alleging facts which constitute a valid judgment and order, by the Washington Court of Common Pleas, for the conveyance of said real estate by McCrary, the guardian of Royse, to Bradberry, and a conveyance by said guardian to Bradberry, in pursuance of said order, which vested the title of said Royse in Bradberry, and afterwards a conveyance by Bradberry to James Turnbaugh. It is contended by counsel for appellees that the judgment was invalid, for the reason that it is not shown that Royse, the insane person, was served with process, and that it appears that McCrary, his guardian, voluntarily appeared, and that such appearance was unauthorized.

The rule is, that when it does not appear affirmatively that

notice was not issued, but it does appear that jurisdiction was assumed and a final judgment rendered by a court of general jurisdiction, jurisdiction will be presumed. *Sims* v. *Gay,* 109 Ind. 501.

This case presents to some extent a different question than if the pleading was silent upon the question of the manner in which the court took jurisdiction, for the pleading attempts to set out the facts as to the manner in which the court took jurisdiction. But it is not necessary to decide the question. As will be hereafter seen, there was no substantial error committed, even if this paragraph was not sufficient to show a valid judgment, as the court finds against the appellees on the questions of service and the authority of McCrary to act as guardian, and no relief was granted appellees under this paragraph of cross-complaint.

The second error assigned is the overruling of the demurrer to the second additional answer. This paragraph of answer pleaded the fifteen years statute of limitations. This was a good answer to the only paragraph of complaint then in the case, which was to quiet title. *Caress* v. *Foster,* 62 Ind. 145; *Murphy* v. *Blair,* 12 Ind. 184.

The third error assigned is the sustaining of the demurrer to the first paragraph of appellant Butler's reply, which is a plea of coverture in reply to the second paragraph of answer, setting up the twenty years limitation. The demurrer was properly sustained. *Rosa* v. *Prather,* 103 Ind. 191.

The fourth error assigned is the sustaining of the demurrer to the third paragraph of reply of appellant Butler to the second paragraph of answer. This reply alleged that appellant was an infant at the time her cause of action accrued, that she intermarried with Mr. Butler before she arrived at the age of twenty-one years, and has ever since remained his wife. The reply was addressed to the second paragraph of answer, setting up the twenty years limitation as a bar to the action. This paragraph of reply was also bad, and the demurrer was properly sustained. *Richardson* v. *Pate,* 93 Ind. 423;

*Wright* v. *Wright,* 97 Ind. 444; *Rosa* v. *Prather, supra; Wright* v. *Kleyla,* 104 Ind. 223; *Barnett* v. *Harshbarger,* 105 Ind. 410.

The fifth error assigned is in sustaining the demurrer to the fourth paragraph of reply, which is the same as the third paragraph of reply, and there was no error in the ruling.

The sixth error assigned is upon the conclusions of law stated by the court on the facts found.

The court found that George W. Royse, the father of the plaintiffs, was the owner of the real estate; that he was insane, and that his wife attempted to dispose of the real estate to one John S. Horner by written contract; that Horner assigned the contract to Bradberry; that Bradberry, in January, 1855, filed a petition in the Washington Court of Common Pleas, making one McCrary, as guardian of said Royse, defendant, in which petition Bradberry set up the execution of said contract for the sale of said real estate by said George W. Royse, and asked for an order directing and authorizing the guardian to convey the same to him; that McCrary entered an appearance to said action without the service of any process whatever, either upon himself or said George W. Royse; that McCrary was not the duly appointed guardian of Royse, nor had Royse been adjudged insane, but McCrary acted as such guardian at the request of Bradberry and the direction of the court; that an order was made in said cause by said court appointing McCrary commissioner, and ordering him to convey said real estate to Bradberry, which he did, in pursuance of said order, and Bradberry was put in possession of said real estate, and held possession of the same until he sold the same to James Turnbaugh; that said George W. Royse died in 1856 or 1857, intestate, and was, at the time of his death, of unsound mind; that he left surviving him his widow, Elizabeth, and the following named children: Joseph, Henry, Francis, George W. and Martha Royse; that Martha afterwards intermarried with William Butler; that the estate of George W. Royse, deceased, did

not exceed $300; that, on December 27th, 1860, the widow, Elizabeth Royse, Joseph Royse, Henry Royse and Francis Royse conveyed said real estate by deed of quitclaim to James Turnbaugh, and, on January 1st, 1861, Amos Bradberry and wife conveyed said real estate by deed of general warranty to James Turnbaugh, who took possession of said real estate, claiming to be the sole owner thereof, and held exclusive possession until his death; that said James Turnbaugh left surviving him said Jane Turnbaugh, his widow, and Samuel Turnbaugh, his son, and one of his heirs at law; that since the death of said James Turnbaugh the defendants and other heirs of said James Turnbaugh have been in the sole and exclusive possession of said real estate, claiming title thereto as the widow and heirs of said James Turnbaugh; that said James Turnbaugh, in his lifetime, and his heirs since his death, have made valuable and lasting improvements on said real estate, of the value of $1,500; that neither of the plaintiffs has ever been in possession of said real estate; that George W. Royse, plaintiff, was born in May, 1846, and Martha Butler, plaintiff, was born in 1848; that Martha intermarried with William Butler, June 12th, 1863, and since her marriage has not been a resident of the State of Indiana.

Upon these facts the court stated as conclusions of law that the plaintiffs are not entitled to recover upon their complaint, nor are they entitled to have partition of said real estate.

These findings of facts show the defendants, and those under whom they claim title, to have been in the sole and exclusive possession of said real estate, claiming to be the sole owners of the same, from January 1st, 1861, up to the commencement of this suit, August 24th, 1885, over twenty-four years, and that the youngest of these plaintiffs arrived at the age of twenty-one years sixteen years before this suit was commenced. Under this state of facts the action was barred long before the institution of this suit. It is urged by counsel for appellants that appellant Butler, having been a non-resident of the State of Indiana since 1863, is not subject

to, or bound by, the statute of limitations of this State. We can not concur with this theory.

The statute of limitations, section 293, R. S. 1881, is as as follows: "The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward."

The sixth subdivision reads: "Sixth. Upon contracts in writing other than those for the payment of money on judgments of courts of record, and for the recovery of the possession of real estate, within twenty years."

Section 294 reads: "All actions not limited by any other statute shall be brought within fifteen years."

Section 297 makes an exception. that "the time during which the defendant is a non-resident of the State or absent on public business shall not be computed in any of the periods of limitation."

This exception applies to a case where a person in this State has a cause of action against another, and the defendant against whom the cause of action exists leaves the State on public business or becomes a non-resident of the State, and afterwards comes back into the State again. In such case he may be sued, and the time he is absent shall not be computed in the period of limitation. If he had remained in the State, the plaintiff would have been compelled to bring his action within the period fixed by the statute, or be barred from recovery. If the defendant departs and becomes a non-resident, or is out of the State on public business, by his acts he puts the plaintiff where he can not bring his action. The plaintiff is not at fault, but the defendant, by his absence, puts the plaintiff in a position where he can not sue without going out of the State to the residence of the defendant, and in such a case the law extends the time in which suit may be brought. But this benefit and extension of time was not intended for, and can not be extended to, a plaintiff who, having a cause of action against a person in this State, leaves the State and becomes

a resident of another, and afterwards returns and brings suit, and as a reply in avoidance of the statute of limitations says he was out of the State a certain number of years, which must be deducted from the time fixed for the limitation of the action. If this construction should be given the statute in an action for the possession of real estate, a person might hold exclusive possession of real estate, claiming to be the owner in fee simple, for sixty years or longer, and if the true owner has been a resident of another State during such time, or has not been a resident of this State during at least twenty years after his cause of action accrued, his right would not be barred. Such is not the language or spirit of the statute. The case of *Smith* v. *Wiley*, 21 Ind. 224, holding a contrary doctrine, is in direct conflict with the express terms and intent and purpose of the statute. It is evident that in passing upon the question in that case the language used in the statute was overlooked, and that case is overruled.

The facts, as found by the court, show conclusively that the plaintiffs' cause of action was barred, and that the defendants' possession and claim of ownership, coupled with those under whom they claimed, had ripened into an absolute title long before the commencement of this suit. There was no error in the conclusions of law as stated by the court.

By the findings of facts and conclusions of law it appears that no affirmative relief was granted appellees on the third paragraph of their cross-complaint, and even if there was error in the ruling on the demurrer addressed to it, which we do not decide, it was a harmless error. There were other pleadings under which the facts constituting a bar to the action, as found by the court, could be proven. The case was properly decided on the facts found, and the judgment should be affirmed.

Judgment affirmed, with costs.

Filed March 7, 1889.