Allen v. Berndt *et al.*

No. 16,049.

ALLEN *v.* BERNDT ET AL.

APPEAL.—*When Ruling of Court Below Can Not be Questioned.*—An appellant can not question the correctness of a ruling upon his demurrer to certain of the pleadings, when the judgment of the court is such as to have set such pleading at naught.

SAME.—*Motion to Modify Judgment.—Bill of Exceptions.—Defect of.—No Question Presented.*—Where the ruling of the court in refusing to entertain a motion to modify its judgment is assigned as error, and the bill of exceptions does not contain such motion, and there is nothing in the bill to show that such motion was in writing,—the question is not presented in such a form as to enable this court to consider it.

From the Allen Circuit Court.

*W. Leonard, E. Leonard,* and *W. J. Vesey,* for appellant.

*S. R. Morris, J. M. Robinson, R. C. Bell, J. M. Barrett* and *J. Morris,* for appellees.

COFFEY, C. J.—This was an action by the appellant against the appellees, in the Allen Circuit Court, to enjoin the latter from the use of a trade-mark.

It is alleged in the complaint, among other things, that prior to the 25th day of February, 1890, the appellee, Charles A. Berndt, was engaged in the business of manufacturing cigars, at No. 123 East Lewis street, in the city of Fort Wayne; that he had adopted and devised, as his brand, trade-marks and labels, the word "Rusty" stamped on the ends and sides of his cigar boxes, and, also, on the inside and outside of the lids of said boxes, to distinguish his goods from the goods of other manufacturers; that on said day the appellant purchased from him all of his business at said place, including all tobaccos, cigars, shelving, moulds, presses, manufacturers' supplies, * * trade-marks, brands and labels, and the exclusive right to use the same; that he entered into the business of manufacturing cigars

at said place, and has ever since so continued in said business, using said brand and trade-mark, and, by so doing, has acquired a large and lucrative business; that on or about the 1st day of August, 1890, the appellee, Charles A. Berndt, in connection with the appellee, Mary Berndt, who is his wife, started a cigar factory in said city of Fort Wayne, under the name and style of the "Rusty Cigar Factory" or company, and that they are now manufacturing and selling cigars, using an imitation of said trade-mark, brands and labels, and using the said word "Rusty" stamped on their cigar boxes, in exact imitation of the boxes so used by the appellant in his business; that they have maliciously, and with the intent to deceive purchasers of said "Rusty" cigar, counterfeited and imitated the trade-mark so sold and transferred to the appellant, and are now using the same in their business of manufacturing and selling their cigars, for the purpose and with the intention of injuring the appellant's business, and gaining his trade and customers; that unless they are restrained from so doing they will destroy the appellant's business; that the appellees are insolvent, and a judgment against them for damages would be worthless, and unless they are enjoined the appellant will suffer irreparable damage and loss.

In addition to the general denial, the appellee, Charles Berndt, filed an affirmative answer and a cross-complaint. A trial of the cause, by the court, resulted in a finding and decree in favor of the appellant, enjoining the appellees from using the trade-mark described in the complaint.

The appellant excepted to the form of the decree rendered by the court. He also filed a motion to modify the decree, which was overruled by the court.

His contention in this court is:

*First.* That the Circuit Court erred in overruling his demurrer to the affirmative answer of the appellee,

Charles A. Berndt, and in overruling his demurrer to the cross-complaint.

*Second.* That the Circuit Court erred in overruling his motion to modify the decree in his favor.

In the present condition of the record before us, no available error is to be found in the ruling of the court relative to the sufficiency of the affirmative answer and the cross-complaint. In finding for the appellant, the court necessarily found that the allegations in the cross-complaint, as well as the averments of the answer, were untrue. The question, therefore, as to whether the facts averred in the answer constituted a defense, or whether the facts alleged in the cross-complaint constituted a cause of action, is now wholly immaterial. *Royse* v. *Turnbaugh*, 117 Ind. 539.

The only mode by which the appellant could present to this court any question relating to the form of the decree in his favor, was by motion to modify such decree. *Berkey, etc., Co.* v. *Hascall*, 123 Ind. 502; *People's, etc., Association*, v. *Spears*, 115 Ind. 297; *Walter* v. *Walter*, 117 Ind. 247.

At this point we are met by an objection, on behalf of the appellees, to the effect that the motion filed by the appellant to modify the decree in this case is not in the record in such a form as to enable us to consider it.

It does appear that a written motion was filed by the appellant to modify the decree in this case. A bill of exceptions is also found in the record, upon the subject of a motion to modify the decree, but such motion is not set out in the bill. Indeed, there is nothing in this bill of exceptions from which it can be inferred that such motion was in writing.

We are of the opinion, therefore, that the motion to modify the decree of the Circuit Court is not in the record in such a form as to enable us to give it any consideration.

Judgment affirmed.

Filed January 25, 1893.