## The Springfield Engine and Thresher Company v. Michener.

[No. 2,897. Filed October 26, 1899.]

JUDGMENTS.—*Review.*—*Pleading.*—*Limitation of Actions.*—Where an amended complaint seeking to review a judgment does not set up any right not asserted in the original complaint asking for equitable relief from the judgment by way of injunction, an answer that the cause of action mentioned in the amended complaint did not accrue

. ,within the time limited by statute is an argumentative denial, stating a legal conclusion, and is bad on demurrer. *pp. 131-134.*

JUDGMENTS.—*Review.*—In an action to review a judgment on account of new matter discovered after the rendition thereof, it appeared by the special findings that plaintiff, as agent for defendant, sold a threshing machine, and indorsed the notes taken in payment therefor, it being understood by the parties at the time that plaintiff was to guarantee the payment of all notes where the makers had no defense to the same. Defendant brought suit on the notes, and plaintiff, having no notice or knowledge that the makers had any defense thereto, suffered himself to be defaulted, and the makers were released by the subsequent judgment of the court in the same action. *Held,* that plaintiff was entitled to have the judgment against him reviewed. *pp. 134-139.*

From the Howard Circuit Court. *Affirmed.*

*B. C. Moon, J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellant.

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellee.

BLACK, J.—On the 14th of June, 1892, the appellee filed in the court below his complaint against the appellant and Edgar A. Simmons, sheriff, concerning which the Supreme Court, in *Michener* v. *Springfield, etc., Co.,* 142 Ind. 130, 137, 31 L. R. A. 59, said: "The general prayer for relief was broad enough in this case to have justified the court in awarding the legal relief of a review of" a certain judgment therein referred to and described, which was rendered in favor of the appellant herein against the appellee herein, upon his default, on the 12th of July, 1890, "and the facts stated in the complaint only lacked one element to entitle the plaintiff [the appellee herein] to the legal relief of a review, and that was to file a transcript of the record of the judgment referred to and described in the complaint. The facts stated did not entitle the plaintiff to equitable relief by way of injunction, because they show that he had an ample legal remedy by review but did not as before observed justify the dismissal. It did not state facts sufficient to warrant the legal relief by way of review, because it did

not set forth as an exhibit thereto a complete transcript of the judgment or so much thereof as is necessary to fully present the error complained of.   *   *   *   For that reason the court ought to have sustained the demurrer to the complaint and allowed the plaintiff to amend his complaint in this respect if he so desired." And the court reversed the judgment and remanded the cause with instruction to overrule the motion of the defendants to dismiss, and to sustain the demurrer to the complaint, with leave to the plaintiff to amend his complaint, if he should so desire.   A petition for a rehearing was overruled in that case September 26, 1895.

On the 30th of October, 1895, the appellee filed an amended complaint, and on the 6th of April, 1897, the appellee, with leave of court, filed his amended complaint against the appellant in two paragraphs.   A demurrer to each of these paragraphs for want of sufficient facts was overruled.   Each paragraph stated substantially all the facts contained in the complaint which the Supreme Court held to be not so defective as a complaint for review that it might not be amended and made sufficient by setting forth as an exhibit thereto a transcript of the judgment to be reviewed. Each paragraph of the amended complaint contained some averments additional to those of the original complaint, and was modeled as a complaint for review, and a transcript of the judgment to be reviewed was set forth as required by the Supreme Court.   There could be no available error in the action of the court in holding each paragraph of the complaint sufficient on demurrer.

There was an answer of general denial, and there was also a second paragraph of answer, a demurrer to which was sustained.   In this second paragraph, addressed to each paragraph of the amended complaint, it was alleged "that the plaintiff's cause of action alleged in each of said paragraphs accrued more than three years before the bringing of this action to review the judgment described in each paragraph of said complaint."

In *Rosa* v. *Prather*, 103 Ind. 191, it was said that the statutory method of obtaining a review of a judgment is a special proceeding to which the various statutes of limitations affecting other actions and proceedings have no application; and that the only limitations applicable to such a proceeding are those contained in the statute providing for the proceeding.

In such a case as the one before us, which was a proceeding for review for material new matter discovered since the rendition of the judgment, the period within which the complaint for review may be filed, as provided by the statute, is "within three years" after the rendition of the judgment, except that any person under legal disabilities may file such a complaint at any time within one year after the disability is removed.    §§627, 628 Burns 1894, §§615, 616 Horner 1897.

In *Rosa* v. *Prather*, 103 Ind. 191, it was held that there was no error in sustaining demurrers to certain replies addressed to the second and third paragraphs of answer.    The form of the second paragraph of answer, as stated in the opinion of the Supreme Court, was:    "That the judgment complained of was not rendered within one year before the time of the commencement of this proceeding."    The third paragraph was stated to be "that said judgment was not rendered within three years before this proceeding was commenced."    No question was suggested as to the form of these answers.

In *Indianapolis, etc., R. Co.* v. *Center Tp.*, 130 Ind. 89, an answer averred that the money for the recovery of which the suit was prosecuted was paid to the township more than six years before the filing of the amended complaint in that cause.    It was said by the Supreme Court, by way of objection to this pleading, that it was not averred therein that the cause of action did not accrue within six years next before the commencement of the action, and that the issue tendered by it was immaterial, "as the vital time is the commencement of the action."

Where the amended complaint does not set up any right not asserted in the original complaint, the answer that the cause of action mentioned in the amended complaint did not accrue within the time limited by the statute is bad on demurrer. *Evans* v. *Nealis*, 69 Ind. 148.

The appellant's second paragraph of answer was to the effect that the cause of action alleged in the amended complaint accrued more than three years before the bringing of this action as an action to review the judgment. This was not improperly treated by the court as an argumentative pleading, stating a legal conclusion. It was not alleged that the judgment was not rendered within three years before this proceeding was commenced, or before the filing of the complaint, or that the cause of action stated in the amended complaint did not accrue within three years before the commencement of this proceeding or before the filing of the complaint.

It must be held by us, following the Supreme Court, that the cause of action stated in the amended complaint was not a different one from that for which the proceeding was commenced in 1892, notwithstanding the differences which we have noted; and where this is true the amended complaint is not subject to attack by the statute of limitations. If by a comparison of the original and the amended complaints it appears that the latter does not declare upon a cause of action different from that stated in the former, filed in due time, it has been held that a demurrer to an answer of the statute of limitations, though pleaded in proper form to the amended complaint, should be sustained. See *Chicago, etc., R. Co.* v. *Gillison*, 173 Ill. 264, 50 N. E. 657. This would seem to be a reasonable rule; at least, where it appears from the record, as it does here, that no right of a party has been abridged by a ruling of the court, there can be no available error in the ruling.

The court rendered a special finding, stating the facts substantially as follows: The appellant, a foreign corpora-

tion, through its agent, the appellee, sold to John H. Kennedy, Benjamin Hochstedler, and Christian Kly a certain steam vibrator separator, and its appliances, manufactured by the appellant, at the price of $415, to be paid as follows: $140 December 1, 1888, $137.50 December 1, 1889, and $137.50 December 1, 1890. The appellant so sold the machine upon a warranty that it was well and properly made of good material, and that it would do as good work as other machines of like size in use throughout the country. On the day of said sale the three purchasers above named executed to the appellant their three promissory notes in settlement for the machine, for the amounts, and due at the dates above mentioned. At the time of executing these notes, the three makers thereof, to secure the payment of the notes, executed to the appellant a chattel mortgage upon said machine and other property, which was duly recorded in the recorder's office of said Howard county, wherein the mortgagors resided. Upon the execution of the notes and mortgage, the appellee wrote his name on the back of each of the notes, which was done in accordance with the requirements of his contract of agency, and in no other or different capacity, and for no other or different purpose. No part of the consideration for the notes or either of them was received by the appellee, and it was understood at the time by both the appellant and the appellee that the latter was to guarantee the payment of all notes where the "payees" had no defense to the same. Afterward, and before the 11th of April, 1890, the three makers of the notes paid the appellant the $140 note. On the 4th of April, 1890, the appellant filed a complaint in the court below against said three makers, as such, upon the two notes for $137.50 each, making the appellee a defendant as an indorser on each of the notes, and seeking the foreclosure of the chattel mortgage, being cause numbered 9,469 in the court below. Summons for the second day of the May term, 1890, of said court, was duly issued, served, and returned in said cause 9,469. On the 9th of

June, 1890, the appellee was duly called and made default, and, on the 12th of July, 1890, judgment upon said default was rendered against the appellee as indorser upon said notes for $339.08, and costs taxed at $21.90, and the cause was continued as to the other defendants therein, who, on the 4th of June, 1890, as makers of the notes and mortgage, appeared in said cause and filed their answers; and afterward they filed amended answers, wherein they admitted the execution of the notes and mortgage, as alleged in the complaint, but averred, amongst other defenses, that said machinery was sold to them by the appellant upon a written warranty, by which the appellant warranted to the three makers of said notes that said machine was made of good material, and would do as good work as any other separator or threshing machine of like size in use throughout the country; and said defendants averred in their said answers that said separator was not well made, that it was made of poor material, was defective in its construction, and would not do as good work in threshing as other machines of like size in use throughout the country; that by reason of its defective construction it would not thresh wheat clean, that it cut the threshed grain and blew the wheat over, and carried the threshed wheat with the chaff and straw; that with the best care and management it could not be made to thresh wheat as well as other separators of like size in use throughout the country; that, by reason of its being poorly and improperly constructed and made of poor material, it was worthless and of no value as a threshing machine for the purposes for which it was manufactured and bought and sold; that by reason of its being made of poor material and improperly constructed the consideration for the execution of each of said notes and chattel mortgage had entirely failed, and by reason thereof said defendants were not liable to the appellant on said notes and mortgage in any sum whatever; and said defendants demanded judgment for their costs. To this answer the appellant filed its reply in general denial, and the cause being

at issue and called for trial, it was on the 23rd of March, 1892, submitted to the court for trial.   The court for its information submitted certain questions of fact to a jury, whereupon the court at the request of the parties to the suit made a special finding of facts and announced its conclusions of law thereon, in which special finding the court found for the defendants, that the consideration for the execution of each of said notes involved in said suit executed by said Kennedy, Hochstedler, and Kly to the appellant, and indorsed by the appellee, had wholly failed by reason of inherent defects in the construction of said separator, and on account of the poor material used therein.   On the 16th of April, 1892, the court in said cause found and adjudged that said Kennedy, Hochstedler, and Kly, as the makers and payors of said notes, were not liable thereon, and found as its conclusions of law upon the facts found in said cause that the consideration for each of the notes had wholly failed, and that said three defendants were entitled to judgment for their costs, and at said date the court rendered judgment upon said special finding of facts and conclusions of law, in which judgment it was adjudged that the plaintiff in said cause, the appellant here, take nothing of said three makers of said notes, and that they recover their costs.   The appellee, Michener, when said default was taken and judgment was rendered against him, had no notice or knowledge whatever that said Kennedy, Hochstedler, and Kly, or either of them, as makers of said notes, had any defense against the notes or either of them by reason of failure of the consideration thereof, or that said separator was made of poor material and was improperly made, or would or could not be made to do as good work as other separators of like size in use throughout the country, and had no notice or knowledge that said makers, or either of them, had or intended to make any defense in said action against the payment of the notes or either of them, and had no notice or knowledge that said other defendants in said action would be discharged from liability

on account of the execution of the notes by reason of any inherent defect in the construction of said machine, or for any other reason; but he knew that said makers of the notes were complaining that the machine was not doing good work. It was stated in the special finding that, after the rendition of said judgment in favor of the three makers of the notes, the appellee, within a reasonable time proceeded to prepare and file his complaint in said cause in said court, and, in the preparation, bringing, and prosecution of this suit to be relieved from said judgment so rendered against him as indorser, exercised due diligence. After said judgment in favor of said three makers of the notes, the plaintiff in that suit, the appellant here, appealed from said judgment to this court, and upon the submission and hearing of the cause in this court, said judgment of the Howard Circuit Court was in all things affirmed on the 27th of September, 1893, which judgment remains in full force and effect.

The court upon the foregoing findings stated a conclusion of law in favor of the appellee for the review of the judgment rendered against him upon default. The appellant excepted to the court's conclusion of law.

The material new matter discovered after the rendition on the 12th of July, 1890, of the judgment against the appellee, for which the review of the judgment was sought, was the release of the makers of the note by the judgment rendered on the 16th of April, 1892, in their favor in the same cause.

It appears from the record before us that this proceeding was commenced in the next term of court, on the 14th of June, 1892. The special finding contains some conclusions of law, yet we think it sufficiently appears from the record that there was a fulfilment of the requirement of the statute, §629 Burns 1894, §617 Horner 1897, that the new matter could not have been discovered before judgment, and the complaint was filed without delay after the discovery.

It appears that the appellee was an indorser, and that the consideration for the notes was received by the makers and

that there was an entire failure of consideration, for which the makers were released by the subsequent judgment of the court in the same action in which the judgment had been rendered against the appellee as indorser.  The principals were discharged for matters inherent in the transaction.  This would entitle the appellee to his discharge from his liability upon the notes; and therefore the special finding, sufficiently covering the issue submitted for trial, and sustained by the evidence, showed the appellee's right to have the judgment against him reviewed.  *Michener* v. *Springfield, etc., Co.,* 142 Ind. 130, 31 L. R. A. 59.

We have not found any available error in the record.  Judgment affirmed.