Filed Sept. 26, 1890.

---

No. 14,459.

## SHEPHERD v. NAVE ET AL.

DEED.—*Description.*— *Construction of.*—*Natural Monument.*—The following description in a deed, "thence up the creek at high-water line, in a northeasterly direction; the bearing is about north eighty-six degrees east to a point about one chain above the dam," carries the line along the creek. The reference to the angle is a mere general statement, giving

the general direction as to the course of the creek, but the boundary line of the land is fixed definitely as being along the creek at high-water line. The creek is a natural monument, and will control course and distance, if there is a discrepancy.

From the Fountain Circuit Court.

*H. H. Dochterman,* for appellant.

OLDS, J.—This is an action by Decatur J. Shepherd, appellant, against George Nave and Ann E. Nave, appellees, for damages on account of the breach of the covenants of warranty in a deed executed by the appellees to the appellant. The appellant sues for breach of the warranty, alleging that the deed conveys land which the appellees did not at the time of the making of said conveyance own, and never have owned, and appellant seeks to recover damages on account thereof.

The question presented is as to the proper construction to be given to the language used in the deed, and arises on the ruling of the court in overruling a demurrer to the second paragraph of appellees' answer, and in sustaining a demurrer to the reply thereto.

Shawnee creek enters section 29, in township 21 north, of range 7 west, near the northeast corner thereof, and runs in a southwesterly direction through the north half of said section ; and the land in dispute, and which the appellant claims the deed conveys, lies to the south and east of said creek, in the north part of the northeast quarter of said section 29, while it is contended by the appellee that the deed does not convey any land south of the creek in said quarter section. And this controversy must be determined by the construction to be placed upon the description of the land as written in the deed, and particularly one of the boundary lines.

The deed first specifies three tracts of land, and then continues as follows: "And which said tracts are bounded as follows, to wit : ' Beginning at a point three (3) chains and forty (40) links south of the quarter section corner, on the

line between sections twenty-one (21) and twenty-nine (29), in township twenty-one (21) north, of range seven (7) west; thence south seventy-seven and one-half (77½) degrees west eleven and five hundredths (11.05) chains to center of the road; thence south three (3) degrees west eight (8) chains across Shawnee creek; thence south twenty-five (25) degrees west two and seventy-six one hundredths (2.76) chains, to James Orr's line; thence east twelve (12) chains, to William S. Briney's line; thence north two (2) chains to Shawnee creek, at high-water mark; thence up the creek at high-water line in a northeasterly direction, the bearing is about north eighty-six (86) degrees east, to a point about one (1) chain above the dam; thence north ten (10) degrees west sixteen (16) chains, to a stake on the north of the creek; the witness to this corner is a white oak thirteen inches in diameter, bears south twenty-eight (28) degrees west thirty-five (35) links, distance thence west nine and thirteen hundredths (9.13) chains; thence south fifty-five (55) degrees west twelve (12) chains; thence south eighty-five (85) degrees west twenty-two and seventy-nine hundredths (22.79) chains to the place of beginning, containing sixty-one (61) acres, more or less.'"

The sole dispute is as to whether that portion of the description which reads, "thence up the creek at high-water line in a northeasterly direction; the bearing is about north eighty-six (86) degrees east, to a point about one (1) chain above the dam," carries the line along the creek, or whether it runs the line at an angle of 86° east, the creek not running at that angle.

We do not deem it necessary to discuss this question at length. It seems to us there can be but little question about this description. That it carries the line along the creek there can be no doubt. The reference to the angle is a mere general statement, giving the general direction as to the course of the creek, but the boundary line of the land is fixed definitely as being along the creek at high-water line.

The creek is a natural monument, and will. control course and distance if there be a discrepancy. See *Caspar* v. *Jamison*, 120 Ind. 58.

The view we have taken is in accordance with the holding of the lower court, and there was no error in the rulings on the demurrers to the answer and reply.

Judgment affirmed, with costs.

