TRIPLETT ET AL. *v*. TRIPLETT ET AL.

[No. 19,708. Filed November 12, 1963.]

303

*Phyllis R. Gratz,* of Auburn, and *Ellsworth C. Triplett,* of Washington, D. C., for appellants.

*E. W. Atkinson,* of Auburn, and *C. E. McClintock,* of Waterloo, for appellees.

MOTE, C. J.—This is an appeal from a judgment quieting the title to a certain tract of real estate, on a complaint by appellees which, omitting the formal parts, alleges as follows:

"Plaintiff alleges that he is the owner, and in possession of the following described real estate situate in DeKalb County, in the State of Indiana, to-wit:

. . .

2. That plaintiff acquired title to said real estate on the 14th day of April, 1939; that plaintiff has been the owner of said real estate continuously since said date, during all of which period of time plaintiff has been in actual, visible, open, notorious, adverse, exclusive possession thereof, under his claim of ownership, hostile and continuous, and that plaintiff has exercised dominion over said real estate for more than twenty years.

That during all of said period of time the plaintiff has paid the taxes on said real estate; that he has made lasting and valuable improvements thereon and thereto.

3. That the defendants and each of them claim to have some interest in, or lien upon, said real estate adverse to this plaintiff, all of which claims are unfounded and without right, and constitute a cloud upon plaintiff's title thereto.

WHEREFORE plaintiff sues, and prays that his title to said real estate be quieted and forever set

at rest as against the defendants to this action and each of them, and all persons or corporations claiming, by, under or through them, and for all other proper relief."

Upon filing of the complaint, two defendants named in the complaint, to-wit: Ellsworth C. Triplett and Marilyn Triplett, moved for an order requiring appellant to furnish them an abstract of title to the real estate described in the complaint, which was overruled.

Said defendants then filed a motion to make the complaint more specific, to require plaintiff to set forth therein and to disclose whether appellant claimed legal title or equitable title to said real estate, which said motion likewise was overruled.

Thereafter, said defendants filed an answer in two paragraphs, the first of which admitted a claim to the real estate but denied all other allegations of the complaint. The second paragraph, omitting the formal parts, is as follows:

"1. That on the 2nd day of February, A. D. 1901, the defendant's grandparents, Charles H. Triplett and Sarah Triplett, his wife, conveyed various parcels of their real estate to their three (3) children, namely, James M. Triplett, Myran D. Triplett, and Elsworth A. Triplett.

2. On February 2, 1901, the said Charles H. Triplett and Sarah Triplett, conveyed by warranty deed the real estate described in the Plaintiff's complaint and which said real estate is in DeKalb County, Indiana, and is described as follows:

. . .

3. That said deed was recorded on February 2, 1901, in the record of Deeds of DeKalb County, Indiana, and being in Volume 61, on page 296 thereof.

4. That the grantees in said deed were designated as Elsworth A. Triplett, a life estate pro-

vided that if at anytime the creditors of the life tenant shall attempt to sell by legal process the life estate granted, then in that event the life estate shall become void and the same shall go to the two brothers, James M. Triplett and Myron D. Triplett. The remainder fee simple title was to vest in the children of the life tenant, Elsworth A. Triplett, or their immediate descendants or if Elsworth A. Triplett shall die without issue of his body or their immediate descendants then the remainder was to go to James M. Triplett and Myron D. Triplett, during their lives and to the survivor of them.

5. Thereafter on March 16, 1901, Elsworth A. Triplett, Myron D. Triplett and James M. Triplett, children of the grantors, entered into a written agreement recorded in Miscellaneous records in Recorder's Office of DeKalb County, Indiana, whereby each party agreed that if any of the conditions of said deeds were broken and the life tenant lost their life estate under the respective conveyances, and if said life estate fell to the life tenant's brothers or one of them, then in that event, the brother or brothers would hold the life estate in trust for the support of the one from whom it was taken during his respective life.

6. James M. Triplett died on or about the year 1936.

7. The said Myron D. Triplett is the father of the plaintiff herein, residing RFD, Angola, Indiana, and is a real party in interest and a necessary party to this action.

8. That on the 14th day of April, 1939, the alleged date that the Plaintiff claimed to have received title to said real estate, the defendant, Ellsworth C. Triplett was a minor child 14 years of age.

9. Thereafter, the said defendant's father, Ellsworth A. Triplett, died on September 17, 1942, leaving surviving him three children, namely, Orlena Miser, adult daughter, Hugh L. Triplett, adult son, and Ellsworth C. Triplett, minor son.

10. That by reason of the facts above stated, the plaintiff's cause of action did not accrue with-

in twenty (20) years before the commencement of this action.

Wherefore, the defendants asks judgment for costs, that the plaintiff take nothing by his complaint and that Myran D. Triplett be made a party to this cause of action."

and a cross complaint in two paragraphs, and against one Myron Triplett and the appellee, which alleged that appellant was fee simple owner of an undivided one-third of the realty in question and asked (1) that his title be quieted, (2) for partition, and (3) for an accounting for rents and profits. Plaintiff filed answer to the cross complaint as follows:

"The plaintiff for answer to the first paragraph of cross-complaint of the defendant, Ellsworth C. Triplett, says that he specifically denies each and every allegation contained in rhetorical paragraph one of said paragraph of cross-complaint.

2. That the plaintiff admits that he is asserting an interest in the real estate described in the cross complaint; asserts that he is the absolute owner thereof, and denies that his claim is wholly unfounded and without right.

Wherefore plaintiff demands judgment.

The plaintiff for answer to the second paragraph of the defendant, Ellsworth C. Triplett's cross complaint says: That he specifically denies each and every allegation contained in rhetorical paragraph one of said second paragraph of cross complaint.

The plaintiff for answer to the second rhetorical paragraph of defendant's cross-complaint says that he specifically denies that said cross complainant has any interest in and to the real estate described in said cross complaint.

For answer to the third rhetorical paragraph of said cross complainant's cross-complaint, plaintiff says that he has no knowledge of the averments of said third rhetorical paragraph of said cross complaint.

That the plaintiff for answer to the fourth paragraph of said cross complaint of said defendant and cross complainant Ellsworth C. Triplett says that he admits that since 1942 the plaintiff has been in possession of the property described in said cross complaint, but denies that Myron D. Triplett has been in possession thereof or had any interest therein.

That the plaintiff admits the allegations contained in rhetorical paragraph No. 5 of said cross complaint.

Wherefore plaintiff demands judgment."

and to close the issues, a reply to the second paragraph of defendant's answer was filed which admitted rhetorical paragraphs 1, 2, 3, and 9; denied rhetorical paragraphs 4, 5 and 10; and alleged lack of knowledge as to the remaining second paragraph of answer.

Defendants Hugh L. Triplett and Verna Triplett did not appear in the action.

Said defendants, under the provisions of Section 2-1028, Burns' Indiana Statutes Annotated, propounded ninety-one (91) interrogatories and on due motion, all interrogatories but Numbers 2, 3, 29, 32, 90 and 91 were stricken out as being irrelevant to the proceeding. Said defendants also filed eleven (11) interrogatories addressed to Myron D. Triplett, named in the cross complaint, who filed a disclaimer of interest.

Before commencement of the trial, before the court without a jury, on the issues thus formed, appellants requested written special findings of fact and conclusions of law. At the trial's close, and the parties having submitted their proposed special findings of facts and conclusions of law, the court found the facts and stated his conclusions of law. Finding that the law was with the plaintiff, appellee, and against defend-

ants, appellants herein, the court entered judgment quieting the title to the subject real estate in appellee.

Motion for new trial seasonably was filed and, omitting the formal parts, together with memorandum in support thereof, is as follows:

> "Come now the Defendants Ellsworth C. Triplett and Marylin Triplett and move the Court for a new trial of the above entitled cause under the provisions of Burns' Annotated Statutes 2-2401 in that the decision rendered by the Court is not substained by the evidence and is contrary to law.
>
> Specifically the Defendants object to Special Finding of Fact No. 3 of Part One, in that said Finding Fact that the description contained in the certificate of purchase and the tax deed was sufficient to effectively convey title to the subject real estate is contrary to and not sustained by the evidence. Additionally Defendants object to all conclusions of law as contrary to the law now in existence in the State of Indiana.
>
> This motion is based upon the contents of the description in the tax deed upon subject real estate and now a part of the record and upon the contents of Exhibit 'A' attached hereto."

which motion was overruled, resulting in this appeal.

Appellants' assignment of errors, omitting the formal part, is as follows:

> "1. The Court erred in overruling Appellants' motion for a new trial.
>
> 2. The Court erred in overruling Defendants' motion to require Plaintiff to furnish an Abstract of title.
>
> 3. The Court erred in overruling Defendants' motion to require Plaintiff to set forth whether his claimed title was legal or equitable.
>
> 4. The Court erred in granting Plaintiff's motion to strike all of Defendants' requested inter-

rogatories with the exceptions of nos. 2, 3, 29, 32, 90 and 91.

5. Finding of fact no. 3 of Part I of the Court's Findings of Fact and Conclusions of Law is contrary to and not sustained by the evidence.

6. The Court erred in sustaining Plaintiff's objection to Defendants' attempts to determine how Plaintiff received notice of the tax sale."

The record in this case indicates that the approximate sixty-four (64) acre tract of real estate which was subject to the quiet title decree is carved from an original larger tract owned by Charles H. and Sarah Triplett, grandparents of appellee, Charles H. Triplett, and appellant, Ellsworth C. Triplett. On February 2, 1901, the grandparents thereof, reserving unto themselves a life estate, conveyed various parcels of their real estate to their three children, James M. Triplett, who died in about 1936, Myron D. Triplett, alive at the date of trial and father of appellee, Charles H. Triplett, and Ellsworth A. Triplett, who died September 17, 1942, father of appellant, Ellsworth C. Triplett, who had a brother Hugh and a sister, Orlena Miser. Ellsworth A. Triplett was named as the specific grantee to the tract which is the subject matter herein.

Admitted in evidence was a tax title deed to the subject real estate, dated and recorded April 14, 1939, which resulted from purchase at delinquent tax sale on April 12, 1937, by Charles H. Triplett, appellee herein.

Assignment of errors number 2 and 3, above set out, appear to be without merit since (1) the trial court has discretion in the matter of ordering an abstract of title to be furnished to a party. Section 2-1032, Burns' Indiana Statutes Annotated, 1946 Replacement. Appellant has failed to raise the question of abuse of discretion by the trial court and unless an abuse of discretion is affirmatively shown, a ruling

within the trial court's discretion will not be reviewed. *Public Service Company of Indiana* v. *Tackett, Administrator* (1943), 113 Ind. App. 307, 47 N. E. 2d 851; *Clouser* v. *Ruckman, Administrator* (1885), 104 Ind. 588, 4 N. E. 202.

The complaint complies with Section 3-1401, Burns' Indiana Statutes, 1946 Replacement, and cases cited thereunder. Obviously, appellee was relying on title by adverse possession and he recovered judgment on such theory which is deducible from his complaint. Appellee's action was based upon the allegations of his complaint that he "acquired title (thereto) on April 14, 1939; that (he) has been the owner . . . continuously since . . . , during all of which . . . time (he) has been in actual, visible, open, notorious, adverse, exclusive possession thereof, under claim of adverse ownership, hostile and continuous, and that (he) has exercised dominion over (same) for more than twenty years; (during which time), (he) has paid the taxes . . . (and) has made valuable and lasting improvements thereon and thereto."

It is true that when a plaintiff relies upon an equitable title to real estate in a quiet title proceeding, he must allege the pertinent facts in support of such title. *Sawyer* v. *Kleine* (1948), 118 Ind. App. 616, 82 N. E. 2d 533; however, in this case, appellee's complaint was sufficient to and did allege legal title under the statute to which reference is made above.

The mere fact that a tax deed was admitted in evidence in the trial court, and assertion of error by reason thereof in this court does not alter the complexion of the legal principle. We are of the opinion that it was proper, if not necessary, to put said deed in evidence to show color of title which,

with subsequent events, as alleged in the complaint and shown by the evidence, vested in appellee the legal title to said real estate, subject to a decree in a quiet title proceeding, laying at rest any adverse claim or color of claim.

For the above reasons, as well as others, the trial court was within his discretion in sustaining objections to Interrogatories 5, 6, 86, 87 and 88, as irrelevant and not pertinent or germane to the issues pending before the court. *Reserve Life Insurance Co.* v. *Luedke et al.* (1961), 132 Ind. App. 476, 177 N. E. 2d 482.

Appellants assert that error was committed in sustaining objections to their attempts to determine how plaintiff received notice of tax sale. In this they further assert that Interrogatories Numbers 81-86 should have been answered. We find no merit in such contentions, since the validity of the tax deed was not an issue under the pleadings.

By assignment of errors Numbers 1 and 5, appellants question (1) the ruling adverse to them on the motion for new trial and, (2) finding of fact Number 3 of Part I, by the trial court and conclusion of law, stating that the same is "contrary to and not sustained by the evidence." Said finding of fact Number 3 of Part I is as follows:

"3. That the description contained in the certificate of purchase and the tax deed executed and issued to the plaintiff was sufficient to effectively convey title to the subject real estate to the plaintiff herein, which title is sufficient to support this action to quiet the title to said real estate against said Ellsworth A. Triplett and the defendant herein, Ellsworth C. Triplett and all other defendants; that the tax sale in 1939 and all prior proceedings incident thereto were regular and in

substantial conformity to the laws and regulations governing such proceedings; that the defendant, Ellsworth C. Triplett, has not successfully rebutted the presumption of the regularity and the validity of said tax deed and the proceedings incident thereto; that the defendant has not made sufficient proof and showing to defeat the title conveyed by the tax deed from the Auditor of De-Kalb County, Indiana, to the plaintiff herein."

It occurs to us that this contention further indicates appellants' misconception of the law governing this proceeding. The tax title deed executed and recorded on April 13, 1939, furnished at least color of title to the real estate and appellees' actions thereafter for a period of more than twenty years may be said to have ripened his title to the extent necessary for safety and security, except for the claim of appellants, who idly stood by and permitted the color of title to mature into a lawful title from which appellees could not be divested.

Although this is purely and simply a quiet title action based upon adverse possession of appellees for more than twenty (20) years, appellants devote much space in their brief in an assault against the validity of the tax sale and resulting deed to appellees, and then because the trial court found as a fact that appellees have held the real estate in question adversely to appellants for less than twenty (20) years, said appellants wish us to hold that the judgment is contrary to law.

So far as we have been able to detect, appellants do not enlarge upon their contentions, or apply any proven facts in a manner that is persuasive, let alone convincing. The mere fact that the trial court found that appellees did not hold adversely to appellants for a twenty (20) year period would not permit us to conclude that appellants should prevail in

the litigation, since the court did find that appellee had held adversely against those in appellants' chain of title for a period of twenty (20) years. The record shows that appellants derived such legal title as they may have had from a chain of conveyancing which, incidentally, lacks a great deal in providing a model. As a matter of interpretation of the conveyancing or successive interests in a chain of title, if appellants wish us seriously to consider reasons why it may have been necessary for appellees to have held adversely to these particular appellants for a period of twenty (20) years, it is incumbent upon them to point out such reasons with supporting authorities. This they have not done; hence, we hold that no questions have been presented on these phases and we hold further that error has not been shown.

As stated in *Cooper et al.* v. *Tarpley et al.* (1942), 112 Ind. App. 1, 41 N. E. 2d 640:

" . . . In order to establish title by adverse possession, the possession must be, (1) actual, (2) visible, (3) open and notorious, (4) exclusive, (5) under claim of ownership, (6) hostile, and (7) continuous for the statutory period of twenty years. . . . "

It seems to us that the evidence was such that the finding and judgment thereon, in the case at bar, are fully warranted.

By assignment of error No. 4, appellants attack the trial court's ruling on a motion to strike out all of the interrogatories, the effect of which eliminated all interrogatories except Numbers 2, 3, 29, 32, 90 and 91, and specifically asserts error with respect to striking out interrogatories Numbers 4, 5, 6, 81, 82, 83, 86, 87 and 88. In all, appellants propounded ninety-one (91) interrogatories to appellant, Charles H. Triplett, of

which all but six (6) were struck out and which six (6) were answered. Appellants propounded eleven (11) interrogatories to Myron Triplett, who then filed disclaimer and was not required to answer.

To support their contention of error in regard to striking out interrogatories, appellants have not submitted any cogent reasons and argument, or Indiana authorities, but seem content with the assertion: "There appears to be a dearth of decisions in Indiana as to the importance to be accorded use of interrogatories for discovery purposes. As a result, in comparison with neighboring states, it would appear there has been, *and still is,* a tendency upon the part of trial courts in Indiana to improperly restrict the use of discovery procedures." (Emphasis supplied.) Then, they cite *Pink* v. *Dempsey* (1953), 350 Ill. App. 405, 113 N. E. 2d 334, and an Ohio case, *Dieckbrader* v. *New York Central R. R.* (1953), 113 N. E. 2d 268. The adoption of such methods in an appeal presents nothing for us to decide.

As to assigned error Number 6, appellants again fail to present cogent reasons, arguments and authorities in support of their assertions. If we were to assume that there may be some question as to the propriety of striking out interrogatories Numbers 81-86, and that attempts to explore the area of how appellees obtained notice of the tax sale both by striking out the said interrogatories and denial by the trial court of appellants' efforts to develop material evidence pertaining thereto, we can conclude only that such would not alter the situation, particularly since the only evidence in the record shows that Myron Triplett was acting for his son, Charles H. Triplett, appellee, when the real estate in question was purchased at tax sale, in payment of the funds and in securing the tax deed from the auditor.

In this instance appellee purchased the tax title in 1937, obtained a tax deed in 1939, and since has held the real estate, claiming to be the owner thereof to the exclusion of everyone, including appellants' predecessors in interest. The mere facts that appellant, Ellsworth C. Triplett, was but fourteen (14) years of age when the tax deed was delivered to appellee, and but eighteen (18) years of age when his father, Ellsworth A. Triplett, died on September 17, 1942, do not provide appellants with rights which would defeat the quiet title proceeding and resulting judgment, which is the subject of this appeal. A disability does not postpone commencement of the running of the statutory period of time of adverse possession. *Royse et al.* v. *Turnbaugh et al.* (1899), 117 Ind. 539, 20 N. E. 485. There was no privity between appellees and appellants created by "Exhibit A" since that was a contract between James M., Myron D. and Ellsworth A. Triplett, not parties to this appeal, for carrying out their parents' major purpose, as set forth in the conveyancing of limited life estate to them, particularly Ellsworth A. Triplett, father of appellant, Ellsworth C. Triplett, with remainder to the issue of his body, which would include said appellant. Appellees may be considered as strangers to appellants, even though first cousins, so far as this proceeding is concerned.

Affirmed.

Hunter, Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 662.