MATANICH ET AL. *v.* AMERICAN OIL, ETC.

[No. 20,285. Filed June 13, 1966.]

*John M. Lyons,* of Valparaiso, for appellants.

*George W. Douglas, Englebert Zimmerman, Jr.,* and *Douglas, Douglas & Douglas,* of Valparaiso, for appellee.

WICKENS, P. J.—Appellants were restrained from erecting signs and obstructions on a lot which was leased to appellee oil company. A counter-claim had been filed by appellants in

which they asserted ownership of that ground. The court, after trial without a jury, made the restraint permanent and found against appellants on their claim as owners.

Insufficiency of the evidence and that the decision is contrary to law are the only assignments presented. Appellants' claims depend on the interpretation of certain legal descriptions.

The real estate in question, used as a filling station, is in the northwest corner of the intersections of Indiana State Roads 6 and 49. West of the intersection of the center lines of said highways 23.6 feet is the southeast corner of the southwest quarter of Section 19, Township 36 North, Range 5 West, being on the center line of said Highway 6.

The parties agree that whatever rights each possess, have come to them respectively from persons who received through Bozo Matanich and his wife who had good title to all that was claimed in this matter and to additional acreage of the adjoining real estate in 1924.

According to the evidence, Bozo Matanich and his wife mortgaged *a parcel* of that which they owned, the mortgage was foreclosed, the property was sold at sheriff's sale and title thereto of the said parcel finally became vested in appellee's lessor Frank Nicholas. That part of the Bozo Matanich land not so mortgaged and not so ultimately conveyed, passed to appellants.

What real estate actually became owned by Frank Nicholas? No question involves the validity of any of the conveyances to transfer all they purport to do.

Bozo Matanich and Mary Matanich, husband and wife, on July 11, 1924, acquired real estate described as:

"[C]ommencing at the southeast corner of the southwest quarter of Section 19, Township 36 North, Range 5 West, in Porter County and running northerly along the center of the Chesterton Road, now State Road 49, 40 rods; thence west 68 rods; thence south 40 rods; thence east 60 rods to the place of beginning."

Bozo Matanich and his said wife executed a mortgage on August 1, 1931 for part of the above parcel, describing the part mortgaged as:

"Beginning at a point where the west boundary of State Road 49 intersects with the north boundary of State Road 6; thence north 150 feet; thence west 150 feet; thence south 150 feet; thence east 150 feet to the point of beginning, being a part of the southwest quarter of Section 19, Township 36 North, Range 5 West."

On April 22, 1936 after foreclosure proceedings, the validity of which is not in question, the Sheriff of Porter County, Indiana conveyed to one Spiro Michaels the last mentioned real estate, which was by sheriff's deed described exactly as in said mortgage.

Spiro Michaels died the owner of said real estate and thereafter conveyances were made in 1940 by persons whose title is not disputed, transferring to Frank Nicholas, appellee's lessor, the real estate then and there described as:

"Commencing where the west line of State Road 49 intersects the north line of State Road 6, and running thence west 150 feet; thence north 150 feet; thence east 150 feet to the west line of State Road 49; thence south 150 feet to the point of beginning, in Section 19, Township 36 North, Range 5 West; . . ."

The remainder of all of that real estate which was originally owned by Bozo Matanich et ux passed to appellants.

Appellants say that they are therefore the owners of two parcels which interfere with appellee's right to complete access on Highway 49 which road extends north and south. One of these parcels, appellants claim, is wedge-shaped, formed northeast of the Nicholas' 150′ x 150′ parcel.

We understand appellants' argument to be that the 150′ x 150′ dimension is not necessarily a square measurement. That if the east boundary of this parcel ran northeasterly from the beginning point, the parcel would be a parallelogram but not formed by right angles and therefore not square. The

contention is further that State Road 49 extends not due north, but northeast from the southeast corner of the Nicholas area. The basis of that assertion is attempted to be developed from the fact that the description of the larger tract in 1924 (first description herein) shows the north boundary line to be 68 rods, the south boundary at the same time being only 60 rods.

The second parcel contended for by appellants is a 40 foot strip between 150 feet and 190 feet north of the center line of Highway 6. Appellants' claim of this strip is through adverse possession only.

The judgment below held expressly that Frank Nicholas, plaintiff's lessor, was the owner in fee simple of the real estate described in plaintiff's complaint, to-wit:

"Beginning at the point where the West boundary of State Road #49 intersects with the North boundary of State Road 6, thence North along the West right-of-way line of State Road #49 a distance of 150 feet; thence West parallel with the North right-of-way line of State Road 6 a distance of 150 feet; thence South parallel with the West right-of-way line of State Road #49 a distance of 150 feet; thence East along the North right-of-way line of State Road #6 a distance of 150 feet to the point of beginning, being a part of the SW ¼ of Section 19, Township 36 North, Range 5 West of the 2d P. M."

It was further held by the trial court that this was the real estate occupied by defendant-appellee, that appellants were trespassing on said property and interfering with the use of said property, and that erection of defamatory signs on defendants' adjoining property is wrongful. The court also enjoined appellants from defaming in any way the name or business ethics of the plaintiff in the operation of its service station. Judgment was rendered against appellants on their cross-complaint to quiet title.

We are required to sustain the decision of the trial court if it is supported by any competent evidence of probative value and is not contrary to the principles of law involved.

We find the evidence sufficient to eliminate any supposed "wedge-shaped" parcel. As can be seen from the foregoing recital the 1940 deeds to Nicholas convey 150 feet by 150 feet beginning at the intersection of the west line of State Road 49 and the north line of State Road 6, the dimensions running west, then north, then east *to the west line of State Road 49*, then 150 feet to the point of beginning. That dimension which we have italicized controls in the event that there is ambiguity in the description. Appellants contend the east boundary line of a 150 foot parallelogram extends north and east instead of due north, and that it is more than 150 feet from the northwest corner of this parcel to the west line of State Road 49.

The evidence does not establish that Indiana State Road 49 does not go due north for 150 feet or more from the point where its west boundary line intersects with the north line of State Road 6. To support that phase of appellants' contention there is a total dearth of evidence.

In any event since the 1940 descriptions say "to the west line of State Road 49" those words supersede the 150 foot measurement. A specification of distance yields to a more certain location made by reference to a highway. Distance is last in the established order of precedence for location of boundaries.

"Under the principle that where some particulars of the description in a deed do not agree, those which are uncertain and more liable to error and mistake must be governed by those which are more certain. Various rules for the interpretations of descriptions of the location and the boundary of lands have been evolved and are now frequently referred to in interpreting grants and deeds. Accordingly an order of precedence has been established among different calls for the location of boundaries of land, and, other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries, and thereafter to courses and distances." *Earhart* v. *Rosenwinkel* (1940), 108 Ind. App. 281, 292, 25 N. E. 2d 268, (Transfer denied). See also: 4 Ind. Law Encyc., Boundaries, § 11, p. 189 et seq.

If the road did not extend due north as assumed by the description, a measurement to it must control. It has been held that because of the certainty which it affords, and to exclude the possibility of mistake, a measurement to a creek controls even though the creek may not run exactly as described. *Shepherd* v. *Nave et al.* (1890), 125 Ind. 226, 229, 25 N. E. 220.

The evidence concerning the alleged 40 foot strip on the north is far from being adequate to set aside the judgment. A survey was mentioned by one of the appellants but it was not offered in evidence. Facts concerning any measuring are vague. Persons acquainted with the neighborhood testified that about 150 feet north of Road 6 there was an area noted by some road signs where one appellant mowed the grass and played ball on it. This appellant had lived in a nearby house for twelve years and as far as the record is concerned that is the longest showing of any act of possession on the part of appellants. During that time the land was unimproved until appellee moved on it. Such evidence is insufficient to locate the ground claimed and, the time element is wanting for adverse possession. *Cooper* v. *Tarpley* (1942), 112 Ind. App. 1, 7, 41 N. E. 2d 640; *Triplett et al.* v. *Triplett et al.* (1963), 135 Ind. App. 302, 193 N. E. 2d 662.

Against the contentions of appellant, the record contains the evidence of Frank Nicholas that immediately after acquiring the real estate in 1940 he took possession thereof, that he marked the corners in conformity with a survey which he had had made. He also substantiated that all of the land described in the conveyances to him was occupied by him and by those to whom he had leased premises during a period of more than 20 years. He established that he had paid the taxes thereon during all such time.

Where one is in possession under color of title such occupancy as he asserts covers all land within the description in his deed. *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 126, 98 N. E. 37, 100 N. E. 376.

Proof of possession for more than 20 years of a great bulk of the property under a deed describing the property is enough to show constructive possession of the whole and is adequate to base a title in fee, in the absence of a showing of adverse possession in another for 20 years. *Howard* v. *Twibell* (1913), 179 Ind. 67, 69, 70, 100 N. E. 372, Ann. Cas. 1915C, 93.

We hold that the judgment is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Carson, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 216 N. E. 2d 359.