CHRISTIAN SUPER CHEVROLET CORPORATION v. STATE OF INDIANA.

[No. 1-675A103. Filed May 12, 1976.]

*Raymond S. Robak, Wolf & Robak,* of Greenfield, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Christian Super Chevrolet Corp. appeals from a jury award in a condemnation action initiated by plaintiff-appellee State of Indiana, presenting for review the issues:

(1) Whether the trial court erred in excluding certain evidence;

(2) Whether it was reversible error to refuse Christian's instruction Number 7; and

(3) Whether the jury's assessment of damages was insufficient.

The record reveals that on July 6, 1973, State filed a complaint in condemnation seeking to appropriate a portion of the real estate owned by Christian in Hancock County. The purpose of the appropriation was the construction of a high-

way. Trial resulted in a jury award in favor of Christian for $12,000.

## I.

Initially, Christian argues that the trial court erred in excluding from evidence testimony concerning rights of ingress and egress to Christian's property. Christian maintains that pursuant to *State* v. *Ensley* (1960), 240 Ind. 472, 164 N.E.2d 342, it is well settled that:

> ". . . an abutting property owner has an easement of ingress and egress in a public highway and this constitutes a property right which cannot be substantially or materially interfered with or taken away without due compensation."

Since the impairment of right of ingress and egress is compensable under guidelines of *Ensley,* Christian maintains that it was reversible error to sustain objections to the testimony.

Any error in the sustaining of objections to questions concerning ingress and egress must be deemed waived by Christian due to its failure to make an offer to prove. *Bechert* v. *Lehe* (1974), 161 Ind. App. 454, 316 N.E.2d 394; *Gradison* v. *State* (1973), 260 Ind. 688, 300 N.E.2d 67. Absent an offer to prove neither this court nor the trial court can adequately determine the admissibility and relevance of the proffered testimony. *Indpls. Union Ry.* v. *Walker* (1974), 162 Ind. App. 166, 318 N.E.2d 578.

## II.

Christian also argues that it was reversible error to refuse its tendered instruction No. 7 which sought to instruct the jury on the issue of compensability of the impairment of rights of ingress and egress. This argument, however, is necessarily predicated upon the first issue. Since no reversible error has been demonstrated in the exclusion of the evidence, there is no evidence in the record upon this issue. Since it is well settled that giving an instruction upon an issue on which no evidence has been presented is

reversible error, *Cooper* v. *High* (1974), 262 Ind. 405, 317 N.E.2d 177; *Birdsong* v. *ITT Continental Baking* (1974), 160 Ind. App. 411, 312 N.E.2d 104, the tendered instruction was properly refused.

### III.

Finally, Christian argues that the damage award of $12,000 was inadequate and contrary to the evidence. We disagree.

It is a well settled proposition that the burden of proof on the issue of damages in an eminent domain proceeding rests upon the condemnee. *Van Sickle* v. *Kokomo Water Works Co.* (1959), 239 Ind. 612, 158 N.E.2d 460. Therefore, Christian's appeal on that issue is from a negative finding. In reviewing such an appeal this court neither weighs the evidence nor resolves questions of witness' credibility. Rather, we consider only the evidence most favorable to the decision together with all reasonable inferences therefrom. It is only where that evidence and inferences lead to but one conclusion and the trial court has reached an opposite conclusion that the decision will be disturbed as being contrary to law. *Link* v. *Sun Oil* (1974), 160 Ind. App. 310, 312 N.E.2d 126. At trial, Christian's damages were appraised by various witnesses to be $6,250; $12,850; $72,000; $150,000; and $516,000. In light of this wide range of opinion we are unable to say that the evidence leads to but one conclusion and that the jury's award of $12,000 was contrary to that conclusion.

No reversible error having been demonstrated, the judgment should be and is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE.—Reported at 346 N.E.2d 602.