Charles Mark MORRIS and Linda J. Morris, Defendants-Appellants,

v.

CITY OF CRAWFORDSVILLE, Defendant-Appellee.

No. 1–478 A 98.

Court of Appeals of Indiana, First District.

March 19, 1979.

Edgar S. Husted, Kurt R. Homann, Husted & Husted, Crawfordsville, for defendants-appellants.

Terry E. Harris, Young, Harris & Harvey, Crawfordsville, for defendant-appellee.

ROBERTSON, Judge.

Defendants-appellants Charles M. and Linda J. Morris (Morris) appeal from a condemnation proceeding instituted by the City of Crawfordsville (City).

The record reveals that Morris was apprised of a contemplated street improvement project in the fall of 1975. The take, however, did not occur until July 12, 1977. While recognizing that damages are generally ascertained as of the date of appropriation, Morris contends that the threat of condemnation together with the dilatory conduct of the City resulted in a diminution in the value of the property as of July 12, 1977. Thus, Morris asserts the jury was entitled to hear evidence of the fair market value at the time of the take as well as the value of the property in the spring of 1976, and that the exclusion of evidence relating to such diminution in value constitutes reversible error.

■ When the evidence was excluded, Morris made no offer to prove. As such, no error has been preserved. *Gradison v. State*, (1973) 260 Ind. 688, 300 N.E.2d 67. Since reversal is improper for the exclusion of evidence unless such exclusion resulted in harm, *Storckman v. Keller*, (1968) 143 Ind. App. 43, 237 N.E.2d 602, it is impossible for a court of review to ascertain whether such harm has occurred in the absence of an offer to prove. Similarly, the admissibility and relevance of the proffered testimony is left to speculation when no offer to prove has been made. *See Christian Super Chevrolet Corporation v. State*, (1976) Ind.App., 346 N.E.2d 602. Therefore, we are unable to reach the merits of this allegation of error. We are prompted to comment, however, that courts should not be required to forego a remedy where the condemnor has engaged in *culpable* conduct to the prejudice of the condemnee, and that such conduct results in the denial of just compensation to the landowner. *Compare State v. Sovich*, (1969) 253 Ind. 224, 252 N.E.2d 582, with cases collected in Annot., 5 A.L.R.3d 901 (1966).

■ Secondly, Morris alleges error in permitting a jury view of the subject property. Morris made no objection at trial, however, and waiver must result when no timely objection was made to matters occurring at trial. *Wolf Produce and Transportation Co. v. Lang Trucking, Inc.*, (1965) 136 Ind.App. 571, 203 N.E.2d 308; *City of Gary v. Archer*, (1973) 157 Ind.App. 477, 300 N.E.2d 687.

Since no reversible error has been presented, the trial court is in all respects affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.