STATE of Indiana, on the Relation of the MENTAL HEALTH COMMISSIONER, Appellant (Plaintiff Below),

v.

The ESTATE OF Josephine Lucille STEPHENS, Appellee (Defendant Below).

No. 1–1280A364.

Court of Appeals of Indiana, Fourth District.

Sept. 29, 1981.

Rehearing Denied Oct. 29, 1981.

Linley E. Pearson, Atty. Gen., Marsha Harrison, Cindy A. Ellis, Deputy Attys. Gen., Indianapolis, for appellant.

John M. Howard, Jr., Howard & Lawson, Danville, for appellee.

YOUNG, Judge.

The State of Indiana appeals the judgment in favor of the Estate of Josephine Lucille Stephens in an action brought by the Mental Health Commissioner to recover a debt owed the State for the care and maintenance of Josephine Lucille Stephens during four hospitalizations between 1949 and 1968 at Central State Hospital, a state owned facility. During the trial of the State's claim, the State called as witnesses the Medical Records Director and the Supervisor of Patient Accounts at Central State Hospital. During the direct examination of the Medical Records Director, the Estate objected to testimony of Josephine's admission dates prior to the witness's employment on the basis that she had no personal knowledge of those events. However, she had previously responded to a question regarding admission dates from October 7th, 1949 to May 8th, 1951 and from June 3rd, 1954 to August 26, 1955. No motion to strike that testimony was made. Therefore, that evidence is in the record and no error regarding its admission was preserved.

Upon the Supervisor of Accounts identifying herself and describing her duties, objection was made by the Estate to her testifying upon the grounds that (1) she had no personal knowledge of the events described in the records; and (2) that she had no consent to release the records by Josephine Stephens or her personal representative pursuant to I.C. 16–14–1.6–8(f). The objection was sustained. Thus the witness was prevented from identifying the account record as that of Josephine Stephens and providing the foundation for its admission into evidence. The Estate argues that the fact that such hospitalization occurred is confidential and may not be disclosed.

We reverse.

Counsel for the appellee contends that the witness could not testify to any entries made in the records kept by them unless they had personal knowledge of the transaction represented by the entry. Personal knowledge by the record keeper of the transaction represented by an entry of a record is not necessary under the business records exception to the hearsay rule if the record keeper made the entry in the routine course of business based upon information reported by other employees acting in the regular course of business who did have personal knowledge of the transaction. *Simmons v. State* (1978) Ind.App., 371 N.E.2d 1316; *Burger Man, Inc. v. Jordan*

*Paper Products, Inc.* (1976) 170 Ind.App. 295, 352 N.E.2d 821. Thus an objection upon the grounds that the record keeper lacks personal knowledge of the event giving rise to the entry is not well-taken. The trial court abused its discretion in excluding the records on this ground.

Likewise, the lack of consent to the disclosure is immaterial. Although I.C. 16–14–1.6–8 provides that information obtained and maintained in the course of providing services to a patient is confidential and can be disclosed only with the consent of the patient, records reflecting the cost of care and maintenance are not confidential and may be disclosed without the consent of the patient. That disclosure without consent is expressly authorized by I.C. 16–14–1.6–8(e)(2) which reads as follows:

(e) Without the consent of the patient or client, information may be disclosed;

\* \* \* \* \* \*

(2) *To the extent necessary to obtain payment for services rendered* or other benefits to which the patient or client may be entitled. [Emphasis ours.]

The language is clear and unambiguous. To impose confidentiality on such records would enable the patient to defeat the health-care provider's right to recover costs of care and maintenance. The General Assembly could not have intended such an absurd result.

Moreover, we are not persuaded that I.C. 16–14–1.6–8 is applicable. The last discharge of Josephine occurred in 1968. The statute was passed in 1979. Although the statute does provide that "[a]ll persons *receiving* mental health services . . . including those admitted to a facility prior to September 1, 1979, are entitled to exercise their constitutional, statutory and civil rights . . . ," I.C. 16–14–1.6–4, it does not provide statutory rights to those persons discharged prior to its effective date. We therefore conclude that the trial court erred in its use of I.C. 16–14–1.6–8 to exclude the records evidencing the rendition of professional services.

Reversed.

MILLER, J., concurs.

SHIELDS, J. (sitting by designation), dissents with opinion.

SHIELDS, Judge, dissenting.

Although I agree in principle with the treatment of the issues in the majority opinion, I dissent because the majority erred in dealing with these issues when the state failed to make a proper record for appeal.

The rule in Indiana is, when a trial court excludes evidence on direct examination, the party who wishes to introduce the evidence must make an offer to prove in order to preserve any error. *Christian Super Chevrolet Corp. v. State* (1976) 169 Ind.App. 143, 346 N.E.2d 602; *Indianapolis Union Railway v. Walker* (1974) 162 Ind.App. 166, 318 N.E.2d 578.

In this case the state did not make any offer to prove, nor were the records which the state sought to introduce included in the record on appeal. This court is thus deprived of the opportunity to determine the merits of the trial court's action.

I would affirm the trial court.